**STATE of Missouri, Respondent,**

v.

**Robert Terrill DODSON, Appellant.**

No. 57136.

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Leland B. Curtis, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant.

HENRY I. EAGER, Special Commissioner.

Defendant was found guilty by the Court of Robbery in the First Degree, a jury

having been waived. He was sentenced to a term of eight years and has duly appealed.

The robbery was that of a cab driver, George Watson, on the evening of September 22, 1970. The trial evidence was substantially as follows: Watson had answered a call to 3706 Garfield in Kansas City, Missouri, but no one responded there to his horn; very shortly a man, identified as the defendant, walked up to the driver's side of the cab and asked Watson if he "had a trip"; the latter said "No," and the man walked in front of the cab, through the headlights, opened the door and got in on the passenger's side of the front seat. After he got in, Watson turned on the dome light for use while he made notations on his records, and had a good opportunity to observe the man. The passenger wanted to go to 3612 Michigan and Watson drove there; he then asked the man which house he wanted. The man pointed and, as the driver looked at the house, the man "pulled a gun at me" and said "Give me the money. Give me all of it" and proceeded to take about twenty dollars in bills, all of the change, and Watson's wristwatch. When asked further about the gun Watson said that "All I know is the barrel was black * * *." The man then left the cab and Watson notified his dispatcher, the police came, and he made a report. On the next evening Watson was "cruising" in the same neighborhood and looking for this man, when he saw a man walking along the sidewalk whom he thought he recognized as the man. He got out and called to the man twice, but the man ran between some houses. Watson again called the dispatcher who notified the police and soon the neighborhood was pretty well saturated with officers and cab drivers. Defendant was found lying on the ground in a backyard a few blocks away; Watson saw him but it was dark and he did not positively identify him there; defendant was apparently unconscious (the reason never being shown) but soon revived and was taken to police headquarters. Watson was also taken there by his supervisor. He then saw defendant, handcuffed in a squad room, with several officers. He was asked by one of the officers if that was the man and said that it was. Defendant was not placed in a lineup; as he was being taken elsewhere in the building to be booked, Watson's wristwatch was taken from his pocket and Watson positively identified it. The watch, an unusual type, was received in evidence at the trial and again identified by Watson; no motion to suppress it as evidence was ever made and no point is made here on its admission. Watson positively identified defendant at the trial as the man who robbed him. Two police officers testified; their testimony added little of any substance to the foregoing recital; they verified the identification of the watch by Watson.

The defendant testified to one prior conviction, denied the robbery and testified to an alibi. He further testified that the watch was given to him by his girl friend. At the close of all the evidence a motion for acquittal was made and overruled. During the trial defendant had moved to strike the in-court identification of defendant on the ground that this one-man exhibition of defendant to Watson was so highly suggestive as to be conducive to misidentification. A ruling was postponed. Later, defendant filed a motion to suppress the identification for that reason and on the additional ground of the deprivation of counsel at the confrontation. The motion was taken with the case.

■ Just prior to trial counsel for defendant filed a motion for a new preliminary hearing on the ground that he had not been given time to employ counsel and that his supposed representation by the public defender was wholly inadequate. The Court sustained the motion and, by agreement of counsel, held such a preliminary hearing itself in the circuit court immediately before the trial. This was indeed a novel procedure but such is the record. Much of the evidence heard at that preliminary was the same as that pro-

duced at the trial; however, Watson, on cross-examination, made certain answers there which are relied on now as destroying parts of his testimony *at the trial.* This was with reference to whether the defendant had a gun. At the preliminary Watson testified on direct examination that "then he pulled a gun out" and took the money and his watch. Near the end of an extensive cross-examination he stated that he "guessed" the man had a .38 caliber revolver and "I didn't see the gun; I don't know too much about guns. I knowed it was a gun, 'cause he ain't pulling no toy pistol out on me." He further testified that he could not say whether *the gun* was loaded or not. The trial court ordered defendant bound over for trial and proceeded almost immediately to trial. At the conclusion of the trial evidence, it sustained the motion to suppress the in-court identification of defendant on the ground that the police station confrontation, following the prior events, violated defendant's constitutional rights. We may not consider the propriety of that ruling here on defendant's appeal, but we construe it as eliminating only the testimony at trial of the *identification of defendant at police headquarters.* The trial court apparently so intended it, for it found that there remained sufficient evidence of identification to sustain a conviction. We note here the identification of defendant from Watson's observations of him *at the time of the robbery,* and the physical evidence furnished by the watch; we also note that defendant has not *briefed* here any point on the insufficiency of the identification and that question is not before us, although counsel's oral argument was somewhat confusing on this subject.

■ The defendant raises two points here but they may be considered as one. They are: that the State failed, both at the preliminary hearing and at the trial, to prove an essential element of the crime charged, namely, that defendant was armed with a revolver or other deadly weapon and that he robbed Watson by putting him in fear with a deadly weapon. We shall not consider the sufficiency of the evidence at the preliminary hearing. In fact, counsel abandoned that point in oral argument. This appeal is from the judgment and sentence following the trial.

It is defendant's contention that the testimony of Watson on cross-examination at the preliminary hearing (and they do not mention that this occurred *only at* the preliminary hearing) was such as to negate and destroy his testimony at the trial that defendant had a gun and "pulled a gun" on him. We have determined that this point cannot be sustained, but we first note, briefly, the authorities cited by defendant. In 23 C.J.S. Criminal Law § 903, pp. 540–541, it is said that the testimony of a single witness may be sufficient for a conviction though denied by accused, uncertain or inconsistent; but that, as an exception, and under certain circumstances, including those affecting his credibility, the testimony must be of a cogent and conclusive nature and not so indefinite, contradictory or unreliable that it would be unsafe to rest a conviction thereon. Such generalities mean little in construing the evidence in a particular case. And here there were no "circumstances" affecting the credibility of Watson.

In State v. Long, 336 Mo. 630, 80 S.W. 2d 154, the essential holding was that a mere suspicion arising from circumstantial evidence was insufficient for conviction. In State v. Parker, Mo., 324 S.W.2d 717, it was held that inconsistencies between statements at trial of the victim of a robbery that he was in fear of the gun held by one of the robbers and statements by him at the preliminary and at deposition that (1) he *was* afraid and (2) *was not* afraid, did not destroy the substantive effect of his testimony at the trial that he was in fear. The Court further held that any statements that the victim was not in fear were so manifestly contrary to the universal experience of mankind that they resulted from a misunderstanding or failure to comprehend the meaning of the

answers and would not be considered. The case of State v. Goldstein, Mo., 225 S.W. 911 (1920) is wholly inapplicable, merely holding that certain supposed facts were not stated with sufficient definiteness to be considered as substantial evidence. In Lohmann v. Wabash R. Co., 364 Mo. 910, 269 S.W.2d 885, it was held that oral evidence which is contrary to demonstrated physical facts, such as photos and measurements, cannot be accepted as substantial evidence to create a submissible case.

Defendant also argues that evidence that defendant had a gun was essential to conviction under the allegations of the information. The cases counsel cite are mere generalities, and it would be useless to review them. The argument becomes moot here, because we hold that the evidence was sufficient to show the use of a gun.

■ We hold, first, that the supposedly contradictory testimony of Watson, appearing *only* in the evidence at the preliminary hearing may *not* be used to impeach or destroy his trial testimony. *At trial* Watson specifically testified that defendant "pulled a gun on me" and robbed him, and that "the barrel was black"; on cross-examination Watson further testified that defendant "held the gun" on him, that defendant "put a gun" on him, and that he could not specifically state whether it was loaded. The fact that the trial court sat at the trial as a jury is immaterial. Neither it nor a jury may consider anything except the trial testimony. In State v. Parker, supra, where preliminary hearing testimony was discussed, the transcript of the preliminary had been offered and received in evidence at the trial, thus becoming a part of the trial testimony. There is no valid testimony here to destroy the effect of Watson's trial testimony that defendant had and used a gun—consequently defendant's whole contention fails.

■ As an additional ground of our decision, the cross-examination of Watson at the preliminary (even if it should be considered) was not of such nature as to *destroy* his trial testimony about the gun. It may be construed as "guessing" that the revolver was a .38, that he knew little about guns, that defendant would not pull a "toy pistol" on him, and (in the same connection) that "I knowed it was a gun * * *." It is true that he stated "I didn't see the gun," but it may fairly be considered that this one remark was inadvertent and cannot destroy his *several* statements indicating that there *was* a gun and that he saw it. The fact that defendant had and used a gun was Watson's first and most definite and substantive testimony, as well as his most frequent statement. We note here, perhaps unnecessarily, that it was not required that the State prove that the gun was loaded. State v. Kowertz, 324 Mo. 748, 25 S.W.2d 113; State v. Gratten, Mo., 375 S.W.2d 179.

■ Ordinarily, discrepancies and inconsistencies in the testimony of a witness are matters for the determination of the jury. Miller v. Multiplex Faucet Co., Mo., 315 S.W.2d 224; Pettis v. St. Louis Public Service Co., Mo., 240 S.W.2d 909; Ryan v. United States, CA 8, 99 F.2d 864; State v. Washington, Mo., 383 S.W.2d 518; State v. Spraggins, Mo., 368 S.W.2d 407. It has been held several times that where the testimony of a single witness on an issue is contradictory, with no explanation and no circumstance tending to show which version is correct, no case is made; that, however, if the conflict is reasonably explained, or if explanatory circumstances are present, then the credibility and weight of the testimony are for the jury. Sparks v. Auslander, 353 Mo. 177, 182 S.W.2d 167; Goslin v. Kurn, 351 Mo. 395, 173 S.W.2d 79; Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644. It is rather unusual to find a case where the testimony of a witness has been held to be *destroyed* by inconsistencies, and we do not regard this case as one for the proper application of that rule. The complete context of Watson's testimony indicates that he *saw* defendant pull a gun on him and we rule that this testimony was not de-

stroyed by what appears to have been an inadvertence.

We mention in passing, but do not base this opinion upon it, that proof of the use of a gun was probably not necessary. Defendant was charged with robbery by means of a dangerous and deadly weapon. The trial court found him "guilty of the crime as charged, that is, Robbery in the First Degree." (From the oral statements of the Court.) It is also recited in the formal judgment that defendant had been found guilty of "Robbery, First Degree." Neither recital included the charge of robbery with a dangerous and deadly weapon. The oral finding included the statement that defendant was found "guilty of the crime as charged," making that finding rather ambiguous. In Keeny v. State, Mo., 461 S.W.2d 731, where the charge was robbery with a dangerous and deadly weapon, it was held that a verdict stating that defendant was "guilty of robbery in the first degree" was sufficient. The Court noted that " * * * the presence of a dangerous and deadly weapon is not an essential element of the offense, but if found merely enhances the punishment," and that under such a charge, the defendant might properly be convicted of "robbery in the first degree," treating the allegation of a dangerous and deadly weapon as surplusage. The sentence in that case, as here, was well within the punishment prescribed for first degree robbery. If defendant here was merely found guilty of, and sentenced for, first degree robbery, proof of the use of a gun was not essential. We prefer not to rest this opinion upon the ground last discussed, but the distinction pointed out therein is worth mentioning.

We find no reversible error, and the judgment is affirmed.

PER CURIAM:

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.