**Joseph Lawrence SPENCER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 27654.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

J. Arnot Hill, James L. McMullin, Hill, McMullin & Wilson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Timothy J. Verhagen, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WEL-BORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from denial, after evidentiary hearing, of motion under Rule 27.26, V.A. M.R., to vacate and set aside judgments of conviction and consecutive sentences of 15 years' imprisonment following guilty pleas on three charges of robbery, first degree. The question is whether defendant was under the mistaken belief that he would receive concurrent sentences. Affirmed.

As grounds for relief in the trial court, movant asserted: (1) His guilty pleas were coerced in that he pleaded guilty with the understanding he would receive three concurrent fifteen-year sentences; (2) His guilty pleas were improper because there was no determination that they were made voluntarily with the understanding of the nature of the charge; (3) He was not afforded effective assistance of counsel with respect to consultation, advice, investigation, and protection.

Appellant's only attack on the voluntariness of his guilty pleas at this time is his contention that the findings, conclusions, and judgment of the trial court in denial of relief on his motion were clearly erroneous, asserting for the first time "that appellant was not apprised by court or counsel that sentences would be run consecutively and that pleas of guilty to a second or third offense would cause additional punishment and therefore was not fully advised of the possible range of punishment." He argues that " 'concurrent' and 'consecutive' as applied to penal sentences" were not explained to defendant, and "it was not explained * * * that it would be mandatory for the court to make his sentences run consecutively."

■ Contrast of this contention with the grounds for relief presented to the trial court, and a review of the transcript, show that this contention and argument were not presented to the trial court. As a consequence, appellant's point is not for review. *State v. Eaton,* 394 S.W.2d 402 (Mo.1965).

■ The only evidence with respect to concurrent sentences was movant's own testimony that Jon Waller, one of his attorneys, told him he would be given concurrent sentences if he pleaded guilty. Mr. Waller contradicted this assertion with a denial that he had made any such promise and by a statement that no one else to his knowledge had made any such promise. The court, in its province, resolved the conflict. *Shoemake v. State,* 462 S.W.2d 772 (Mo. banc 1971).

The record also shows extensive examination of defendant by court and counsel which demonstrates that defendant was fully advised of and understood the range of punishment for robbery; that the amount of punishment and the sentence would be for the court to say irrespective of any recommendations from the State and defense counsel; that he was not coerced in any way; and that he was not laboring under any misapprehensions, illness, or other disability which might affect entry of a voluntary guilty plea. The examination and precautions against receipt of involuntary guilty pleas comported favorably with the subsequently established guidelines of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In these circumstances, movant has failed to meet his burden of proving his grounds for relief and that manifest injustice resulted from acceptance of his guilty pleas. Rule 27.26, supra; *Bolden v. State,* 530 S.W.2d 505 (Mo.App.1975).

■ Appellant contends also that the cause should be remanded for resentencing in an exercise of discretion whether to impose the sentences in question consecutively or concurrently. See *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975).

There is nothing in this record to show that the trial court assessed consecutive punishments as though it had no alternative to bring the procedures of *State v. Baker,*

supra, into play. To the contrary, the court specified the sentences "are to run consecutively." Cf. *State v. Brown*, 525 S.W.2d 565, 568[6] (Mo.App.1975).

Judgment affirmed.

All concur.