**Bobby Lee LAWSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 37360.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 19, 1976.

Brett & Erdel, Bradford A. Brett, Mexico, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

RENDLEN, Judge.

Bobby Lee Lawson appeals the denial of his Rule 27.26 motion seeking to vacate judgment of jury conviction and consecutive sentences totaling twenty-one years on charges of first degree robbery, felonious assault and breaking jail. We find the trial court was not clearly erroneous in denying movant's motion and therefore affirm the judgment. Rule 27.26(j), V.A.M.R.

Movant asserts two grounds for relief: (1) the information filed September 28,

1971, was fatally defective in that Count II (breaking jail and escaping before conviction) failed to allege the offense was "feloniously" committed; and (2) movant was denied equal protection under the law because he was deprived of any possibility of receiving concurrent rather than consecutive sentences.

Movant's first contention is that the information was fatally defective as to Count II in that it failed to allege that the acts were performed "feloniously." Movant was charged with five separate offenses in a single indictment. The introductory paragraph stated that movant "willfully and feloniously committed the offenses hereinafter stated . . ." In addition each of the five counts, except Count II, separately alleged that the acts were committed "feloniously" or with "felonious intent." In *State v. Vondereau*, 438 S.W.2d 271, 272 (Mo. banc 1969) the court stated: "In charging a felony . . . the use of the word 'feloniously' is necessary, for the very sufficient reason that its use informs the accused of the *nature or grade of crime* he is alleged to have committed." (Emphasis ours.) *See State v. Davis*, 510 S.W.2d 790, 792[1] (Mo.App.1974). Given that the purpose for requiring the use of the word "felonious" in an information is to inform the defendant of the degree or seriousness of the offense charged, the trial court here correctly concluded that its use in the opening paragraph sufficiently performed that function and it was unnecessary to repeat this language in each count. The point is denied.

Movant's second contention is also without merit. Movant argues the consecutive nature of his sentences was required by § 546.480, RSMo 1969, V.A.M.S., which was declared unconstitutional in *State v. Baker*, 524 S.W.2d 122, 129–131[5–6] (Mo. banc 1975), and therefore movant's case must be remanded for resentencing. We disagree. In *State v. Brown*, 525 S.W.2d 565, 568[6] (Mo.App.1975), the court stated: "[T]he trial court in this case appears also to have assessed consecutive punishments as though there was no alternative. Since, under *State v. Baker, supra*, the trial court is now freed of any compulsions . . . and now has the authority to exercise judicial discretion whether to impose concurrent or consecutive sentences . . . the cause must be remanded for that limited purpose." However in *Spencer v. State*, 534 S.W.2d 598, 599–600[3] (Mo.App.1976), the court found "nothing in this record to show that the trial court assessed consecutive punishments as though it had no alternative to bring the procedures of *State v. Baker, supra*, into play. To the contrary, the court specified the sentences 'are to run consecutively.'"

In the case at bar the trial court specified during the assessment of punishment that the sentences were to run consecutively. During allocation defense counsel requested that the sentences be made concurrent. The trial court asked for comments or observations from the prosecutor, who requested the sentences run consecutively. The court then formally sentenced movant to consecutive terms of imprisonment. The statute was not mentioned and nothing in the record suggests the trial court acted in a manner demonstrating he felt constrained or prohibited by the statute from exercising his discretion. Instead it is apparent the consecutive sentences were imposed by the court in the exercise of such discretion. Finally the case comes to us from an adverse ruling on movant's post-conviction motion in which the trial judge, who originally ordered consecutive sentences, again considered his actions following the effective date of *State v. Baker, supra*. This too corroborates that discretion was exercised at time of sentencing. The point must be denied.

The judgment is affirmed.

McMILLIAN, P. J., and STEWART, J., concur.