Roby HUDSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 37782.

Missouri Court of Appeals, St. Louis District.

April 26, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

T. Scott Richardson, St. Louis, for appellant.

John C. Danforth, Preston Dean, William F. Arnet, Michael Davis, Jefferson City, Brendan Ryan, Nels C. Moss, Jr., St. Louis, for respondent.

RENDLEN, Judge.

Roby Hudson appeals denial of his Rule 27.26 motion, seeking to vacate convictions on three counts of assault with intent to maim with malice and consecutive sentences of twenty-five, ten and ten years.

Appellant filed a combined motion attacking the three convictions of assault and a separate conviction of murder second degree. The murder and assault charges had been tried and appealed separately, the former affirmed on direct appeal in *State v. Hudson,* 521 S.W.2d 43, (Mo.App.1975) and the latter in *State v. Hudson,* 521 S.W.2d 41, (Mo.App.1975). In this proceeding, the causes were severed [1] and the motion as it related to the assault charges assigned to the Honorable Harry M. James, presiding judge at the original trial in that case, who without evidentiary hearing denied the appellant's 27.26 motion.

Hudson appeals contending: (1) that because § 546.480, RSMo 1969, under which movant received consecutive sentences, had been declared unconstitutional,[2] the sentences must be vacated and the cause remanded for resentencing; (2) the hearing court "erred in failing to afford appellant's

---

1. Judge Harold L. Satz presided at the trial of the murder charge and it was his order of October 3, 1975 that directed the severance in this motion proceeding. Although the record is not clear, apparently the motion as it related to the murder charge was assigned to Judge Satz.

2. See *State v. Baker,* 524 S.W.2d 122, 129–31[5, 6] (Mo.banc 1975).

counsel reasonable time to confer with the prisoner and to amend the motion filed pro se" and (3) "the trial court erred in ruling section 552.020, R.S.Mo. constitutional in that it violates the fourteenth amendment to the Constitution of the United States."

■ Though appellant in his 27.26 motion failed to challenge the propriety of the sentences having been made consecutive, the hearing court sua sponte, considered and ruled the issue against appellant who now raises the point on appeal. If it can be determined from the record of a sentencing proceeding conducted prior to *State v. Baker, supra,* that the trial court exercised its discretion in ordering consecutive sentences, and where the same court in a subsequent post-conviction proceeding denied movant's request for resentencing, in such a case remand is not constitutionally required. *Lawson v. State,* 542 S.W.2d 796 (Mo.App. 1976). *See also Spencer v. State,* 534 S.W.2d 598, 599–600[3] (Mo.App.1976). Here, in an addendum to its order denying the motion, the hearing judge, who had been the trial judge, stated that although movant had been sentenced under the now invalid statute, had the court been free at the time of sentencing to exercise its discretion the sentences would have nevertheless been made consecutive. Stated otherwise, the statute cannot be said to have affected the consecutive feature of movant's sentences as the court made clear that whether in the free exercise of discretion or by compulsion of statute, the sentences would be the same. Rule 27.26 relief exists to correct constitutional and other serious errors; it will not be employed for the useless gesture of remanding the cause for the trial court to again reaffirm the consecutive sentences. The point is denied.

■ Appellant next contends he was not afforded adequate opportunity to consult with counsel or amend his pro se motion. This point is also without merit. Counsel was appointed October 3, 1975, from that date until judgment was entered on January 8, 1976, some 97 days were available for appellant to consult with counsel. Nothing in the record suggests there was not suffi-

cient time to amend the motion as provided by Rule 27.26(h) which in part is as follows:

> "Counsel shall have the duty to ascertain from the prisoner whether he has included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included."

However appellant argues that an October 3, 1975 letter from the Honorable Harold L. Satz to appellant's counsel on the date the murder and assault aspect of the 27.26 motions were ordered separated, had the effect of leading appellant to believe he need not bestir himself at that time to amend the motion and include "all grounds known to the prisoner" for attacking the judgment and sentence. This argument is not persuasive for reasons following: Though Judge Satz' letter advised, "it is my" practice to hold pretrial conferences in such cases to determine if amendments to the motion were to be made and whether "an evidentiary hearing is to be had," neither the letter nor the accompanying copy of the October 3, 1975 order suggested that appellant and counsel could sit idly for 97 days. Further, by the October 3 order the clerk was directed to "open a separate and additional post-conviction remedy file with a separate number" for the assault charge motion and a separate number for the murder charge motion, and mention was made that the motion, as it related to the assault, was "Cause No. 72–2646, Judge Harry M. James presiding." Ordinary diligence would have disclosed the probable assignment of the cause to Judge James suggested by Satz' order of October 3, 1975, in fact occurred and that the motion was assigned to Judge James. Nothing appears indicating appellant or his counsel communicated their desire for a pretrial conference to Judge James, or that they wished to amend the motion, nor was inquiry made concerning the practice of Judge James as to pretrial conferences in such matters. Further, appellant has not here suggested any additional grounds that might have been raised by amendment but urges remand of the cause on the possibility such might exist.

This we will not do, for as in *Foster v. State,* 520 S.W.2d 684 (Mo.App.1975) where a 27.26 movant argued he was prejudiced by counsel's failure to amend the pro se 27.26 motion as "there may have been additional grounds", the court aptly held "these bare allegations do not warrant relief under the rule". Here appellant's point, which is no more than a conclusional statement, does not warrant reversal. Further, after judgment was entered, movant had thirty days to consult with counsel and move for new trial requesting the court set aside the judgment and for the right to amend or similar relief, *Griffin v. State,* 529 S.W.2d 665, 666[4] (Mo.App.1975); *State v. Gullett,* 411 S.W.2d 227, 228[5] (Mo.1967). Failing so to do, appellant may not be heard to complain he was afforded no "reasonable time" to confer with counsel or amend the motion.

Finally, appellant contends that § 552.020 which allows a defendant a second psychiatric examination at his own expense, is violative of the equal protection clause of the fourteenth amendment of the United States Constitution in that it invidiously discriminates against indigent defendants. This contention must fail for two reasons. First, appellant in his point does not tell us how he was prejudiced by the statute and second, our Supreme Court has held that the statutory scheme provided in § 552.020 to protect incompetent defendants, does not violate the equal protection clause. *State v. Terry,* 472 S.W.2d 426, 429–30[5] (Mo.banc 1971) vacated in part on other grounds 408 U.S. 940, 92 S.Ct. 2876, 33 L.Ed.2d 763 (1972). *See also State v. Sturdivan,* 497 S.W.2d 139, 144[17] (Mo.1973). The point is denied.

Judgment affirmed.

McMILLIAN, P. J., and STEWART, J., concur.