Bruce Edward COLE, Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 37968.

Missouri Court of Appeals, St. Louis District, Division Two.

June 14, 1977.

Motion for Rehearing and/or Transfer Denied July 21, 1977.

878 ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

David V. Uthoff, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

This is an appeal by defendant on the charges of robbery first degree by means of a dangerous and deadly weapon in three counts of an information filed in the St. Louis City Circuit Court and after trial was found guilty on all three counts and sentenced to ten years imprisonment for each count, the sentences to run consecutively. Defendant filed a 27.26 pro se motion which was denied. He appeals from this denial alleging (1) the trial court erred in imposing consecutive sentences for the November 5, 1972, offenses because mandatory consecutive sentencing has been held to be a denial of equal protection in State v. Baker, 524 S.W.2d 122, 129 (Mo. banc 1975); (2) he was denied effective assistance of counsel because his attorney failed to contest an allegedly inconsistent psychiatric report and thereby waived the defendant's mandatory right to a competency hearing under § 552.-020(6) RSMo Supp.1971. Furthermore, his counsel failed to raise two crucial points on appeal. First, he neglected to urge as error the denial by the trial court of the defense counsel's eventual request for a competency hearing and secondly, he failed to cite the trial court for an abuse of discretion in failing to order a sua sponte competency hearing once an allegedly bona fide doubt of the defendant's competency was raised; and (3) the trial court erred in denying defendant assistance of counsel and an evidentiary hearing on his 27.26 motion. We find no merit in these contentions and accordingly, affirm.

Defendant, a twenty-five year old male was first convicted of an offense in 1971 at the age of 19. He pled guilty to stealing from a person and was sentenced to two years imprisonment. After approximately nine months, his sentence was commuted and on December 15, 1971, he was released. In January, 1972, he was admitted to Malcolm Bliss psychiatric hospital for the first time. He was released on March 11, 1972, with a provisional diagnosis of "schizo-affective, excited" but continued treatment in the "after care clinic" until June, 1972. At this time his mental state was considered normal.

It is alleged that on November 5, 1972, defendant armed with a pistol and acting with another, robbed three teenage boys, taking a total of $8.30 and two Timex watches valued at $10 each. On November 6, 1972, defendant was allegedly carrying a concealed weapon on his person and robbed an individual of $10, one wrist watch, and a bus ticket.

Defendant was charged by information on two counts for the offenses of November 6, 1972: robbery first degree and carrying a concealed weapon. The prosecutor filed a nolle prosequi before trial as to the November 6 robbery and the defendant was tried only on the charge of carrying a concealed weapon.

Several months prior to trial, the court sustained a motion for a psychiatric examination.[1] The findings were contested and a request for further examination was sustained by the court. The findings of this examination[2] were received by the court and on July 25, 1973, the court found the defendant mentally competent to proceed with the trial. On November 6, 1973, when the trial on the charge of carrying a concealed weapon began, the defense counsel requested a further psychiatric examination stating that the defendant's condition had deteriorated since the last examination and he was unfit to proceed with the trial. This request was denied and the case proceeded to trial.

Defendant was found guilty and sentenced to five years imprisonment under the Second Offender's Act. He appealed this conviction on two grounds: (1) the trial court improperly permitted comments and direct evidence of other crimes not charged in the indictment, and (2) the trial court erred in denying the defendant's request for a third psychiatric examination. This court reversed the conviction finding that improper evidence was admitted. It did not rule on the issue of the third psychiatric examination, *State v. Cole*, 527 S.W.2d 646 (Mo.App.1975). The record does not reflect the subsequent disposition of the charges stemming from the November 6 charge of carrying a concealed weapon.

On September 17, 1973, the defendant was tried on three counts of first degree robbery for the November 5, 1972, offenses. The finding of competency made for the carrying a concealed weapon trial was adopted. The defense counsel objected to this adoption of the previous finding and requested the court to hold at least a brief hearing to investigate the defendant's competency. The motion was overruled.

Defendant was convicted and given ten year sentences for each count, the sentences to run consecutively. He appealed this conviction alleging that the court erred in assessing consecutive sentences and that they

1. 2) *Diagnoses*: (1) Manic-depressive Illness, Depressed, and moderately severe. This is a mental disease according to Section 552.010 RSMo. and was present prior to the alleged crime on November 6, 1972. (2) Antisocial Personality, suspected.
3) The accused has the capacity to understand the nature of the proceeding against him and assist in preparing a defense.
4) The accused at the time of the alleged crime did *not* have a mental disease which would have made him unable to know the nature, quality or wrongfulness of his conduct or unable to conform his conduct to the requirements of the law.
5) The patient is in need of further treatment but does not need further psychiatric hospitalization.

2. 2) *Diagnoses*: (1) Manic-depressive Illness, Circular, in remission. This is a mental dis-

ease according to Section 552.010 RSMo. It appears to have been present prior to his arrest in November of 1972. (2) Antisocial Personality.
3) The accused has the capacity to understand the nature of the proceedings against him and to assist his attorney in preparing a defense.
4) At the time of the alleged crime the subject did not have a mental disease which would have made him unable to know the nature, quality or wrongfulness of such conduct nor would he have been unable to conform his conduct to the requirements of the law.
5) The patient is no longer in need of further active treatment, though it may be required at some future time.

were excessive. He never raised as error the denial of the competency hearing, *State v. Cole,* 519 S.W.2d 370 (Mo.App.1975). This court found his argument to be without merit and the sentences were affirmed.

On January 30, 1976, the defendant filed a pro se motion contesting this conviction pursuant to Civil Rule 27.26, V.A.M.R. On February 25, 1976, he requested assistance of counsel and an evidentiary hearing. The requests were denied and the pro se 27.26 motion was overruled. For purposes of perfecting an appeal counsel was appointed for the defendant and on March 10, 1976, an amended motion to vacate the sentence pursuant to 27.26 was filed by said counsel. The motion was overruled and this appeal follows.

■ Appellant's first contention is that the trial court erred in imposing consecutive sentences for the November 5 offense because mandatory consecutive sentencing has been held to be a denial of equal protection, *State v. Baker,* 524 S.W.2d 122, 129 (Mo. banc 1975). The *Baker* case, however, only mandates resentencing where the record reflects that the consecutive sentences were imposed as merely a rote application of § 546.480, RSMo 1969. A trial judge still retains the discretion to impose consecutive sentences, see, e. g., *Lawson v. State,* 542 S.W.2d 796, 797 (Mo.App.1976) and *State v. Brown,* 525 S.W.2d 565, 568 (Mo.App.1975). In the present case, the record reveals that the trial judge had two independent grounds for the imposition of consecutive sentences. Admittedly, one ground was the trial judge's belief that § 546.480 compels such sentences. The trial judge cited *State v. McClanahan,* 418 S.W.2d 71, 74 (Mo.1967). The judge however, revealed a separate and independent ground for the imposition of consecutive sentences when he found:

" . . . the Court, in its discretion, is making these sentences run consecutive, the Court feels that these are separate, independent cases but they are brought under one Information, three distinct acts of violence against three distinct people and the Court feels that under such a

posture of the facts that the sentences should be consecutive. . . ."

Appellant's contention is, therefore, unpersuasive because the trial record demonstrates the exercise of discretion as a reason for imposing the consecutive sentences.

■ Defendant's second contention is that he was denied effective assistance of counsel at trial and on the direct appeal of his conviction. We first note that defendant's brief fails to comply with Civil Rule 84.04(d), V.A.M.R., which requires an appellant to precisely identify the points relied upon. He has failed to state wherein and why his counsel was defective. As we have often said, this court cannot afford the luxury of scrutinizing the appellant's brief or the transcript for the errors complained of, *State v. Gomillia,* 529 S.W.2d 892, 895 (Mo. App.1975). In the interests, however, of terminating this prolonged litigation, we have surveyed the entire record and are able to decipher the specific points relied upon as error. We will consider these. *Cf. Boyer v. State,* 527 S.W.2d 432, 437 (Mo. App.1975) and *Griffith v. State,* 504 S.W.2d 324, 327 (Mo.App.1974).

■ As a general rule, to establish ineffective assistance of counsel, the burden is on the appellant "to establish a serious dereliction of duty on the part of his counsel which materially affected his substantial rights . . . The dereliction should be of such grave nature as to obviously result in a miscarriage of justice . . . Matters of counsel's strategy or judgment, even though wrong, do not support such a charge." *McNeal v. State,* 503 S.W.2d 19, 24 (Mo.App.1973). The defendant has charged that his counsel failed to properly perform his duty in three instances—once during the trial and twice on the direct appeal of his conviction. These will be treated separately.

Prior to his trial for carrying a concealed weapon, the defendant underwent two psy-

chiatric examinations. He asserts that these reports were inconsistent and his counsel was derelict in failing to contest the second psychiatric report and thereby waiving the competency hearing which becomes mandatory once a psychiatric report is contested, § 552.020(6), RSMo Supp.1971.

Defendant cites as authority *Briggs v. State,* 509 S.W.2d 154 (Mo.App.1974), where this court held that it was an abuse of discretion for the trial court not to order a *sua sponte* hearing when bona fide doubt of the defendant's competency has been raised. Defendant argues by analogy that if a trial judge has abused his discretion by failing to order a *sua sponte* hearing when a psychiatric report is internally inconsistent, an attorney fails to adequately represent his client by not objecting to a second, inconsistent psychiatric report on his client. In *Briggs,* a single report was internally inconsistent—it stated that the defendant's mental defect existed at the time of the alleged offense, that he did not know the nature of his actions, that he required psychiatric hospitalization and *yet* that he had the capacity to understand the proceedings against him. *Id.* at 155.

Although the reports in the present case varied at one point, basically the reports were consistent. Both stated that (1) the defendant had manic depressive illness and an antisocial personality which was present *prior* to the alleged crime but (2) did not have such illness at the time of the crime and (3) the defendant had the capacity to understand the nature of the proceedings against him and assist in preparing a defense. The only discrepancy was the prognosis—the May 15, 1973, report said the defendant needed further out-patient care while the July 6, 1973, report said the defendant no longer needed further active treatment but might in the future.

■ Compared with the gross inconsistency in *Briggs,* supra, the variation in the prognosis of the two reports in this case is slight. Therefore, this court does not find that the defense attorney erred in failing to contest the second psychiatric report.

Defendant asserts the next two errors his attorney made were on appeal. Defendant's competency was established for the trial on the charge of carrying a concealed weapon and that finding was adopted by the court in the robbery trial. At the robbery trial, the defense counsel objected to this determination and asked the court to briefly interrogate the defendant to determine his mental capacity to stand trial. The motion was overruled and the trial commenced. Defendant claims that his counsel failed to adequately represent him because on the appeal of the defendant's conviction his attorney did not raise the denial of this motion as error, or cite the court for abuse of discretion for failing to hold a sua sponte hearing to determine his competency.

■ A court is not authorized to consider errors made by counsel on appeal because if error was found only the appellate proceeding would be invalid, not the trial proceeding which initially ordered the conviction. The proper relief for errors on appeal is to vacate the judgment affirming the conviction and redocket the cause for another hearing in the reviewing court, *State v. Schaffer,* 383 S.W.2d 698, 700 (Mo.1964).

■ Even if we were not precluded, however, from reviewing appellate errors on a 27.26 motion, the defendant's charge is without merit. To show that he received ineffective counsel because his attorney failed to raise a point on appeal, a defendant must bear a heavy burden of proof showing that his attorney " . . . acted with prejudice or improper motives" or that "discarding the points on appeal was patently wrong. Where this had not been shown, counsel is entitled to rely upon his own judgment . . ." *Boyer v. State,* 527 S.W.2d 432, 438 (Mo.App.1975).

■ We do not find that the defendant's attorney was "patently wrong" in failing to raise as error the denial of a compe-

tency hearing, especially since the defendant had received two psychiatric examinations already which pronounced him competent to stand trial. In cases where serious offenses are involved attorneys often request mental examinations for defendants. After a favorable report has been received, however, a defense counsel is not required to pursue the question. *Shubert v. State,* 518 S.W.2d 326, 328 (Mo.App.1975).

■ In addition, the court did not abuse its discretion in failing to order a sua sponte hearing and therefore the defense counsel did not err in neglecting to raise this point on appeal. Only when the evidence raises a "bona fide" doubt of the defendant's competence to stand trial must a judge conduct a sanity hearing. *Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and *McCormick v. State,* 463 S.W.2d 789, 790 (Mo.1971). While an attorney's suggestion that his client is incompetent is a factor which should be considered, it is not determinative, *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

The evidence in this case did not raise a bona fide doubt as to the defendant's competence. Although his attorney stated that he thought his client's mental condition had deteriorated, there was no evidence to support this claim. In fact, the evidence indicates that the defendant was competent for within three months he had had two favorable psychiatric examinations.

■ Therefore, we find that the defendant has failed to sustain his heavy burden of proof and has not demonstrated that he was denied effective assistance of counsel. At trial, counsel did not err in failing to object to the second report as inconsistent because the reports were consistent on the basic question of competency.

■ While alleged errors made by counsel on appeal cannot be reviewed in a 27.26 motion, in any event we find that the defense counsel did not abridge his duty by failing to raise the points previously discussed. An attorney's judgment is entitled to considerable deference, *Boyer v. State,* supra, and the arguments the defendant claims should have been raised clearly would not have resulted in reversal.

■ The defendant's third contention is that the trial court erred in refusing his requests for an evidentiary hearing and for assistance of counsel for his 27.26 motion. Crim. Rule 27.26(e), V.A.M.R. provides that an evidentiary hearing shall be held ". . if issues of fact are raised in the motion, *and* if the allegations thereof directly contradict the verity of the records of the court." (Emphasis added.) Thus, " . . [a] 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State,* 513 S.W.2d 407, 411 (Mo.1974).

■ Here, the defendant sought an evidentiary hearing so that he could call "psychiatrists, psychologists, and attorneys at law . . . to show Movant's incarceration in (sic) impermissable under the Constitution of Missouri and the United States." This request does not even allege *facts,* much less facts contradictory to the prior record. Therefore, the trial court acted properly in denying the defendant's request for an evidentiary hearing.

■ Rule 27.26(h) provides that the court shall appoint counsel to assist the indigent prisoner in his 27.26 motion if the motion presents questions of law or issues of fact. The defendant does not allege that his motion was within this statutory criteria for appointment of counsel. Rather, he maintains that discretionary appointment of counsel at the post conviction stage is unconstitutional. For support, he relies on United States Supreme Court cases which emphasize the importance of counsel. *Argersinger v. Hamlin,* 407 U.S. 25, 31, 92

S.Ct. 2006, 32 L.Ed.2d 530 (1972) and *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

The Supreme Court has never recognized the right of counsel at post conviction proceedings. *Douglas v. California,* supra, and *Johnson v. Avery,* 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Nor has this court. In *Winston v. State,* 533 S.W.2d 709, 713–15 (Mo.App.1976) the defendant raised this same contention and we held that the Constitution did not require counsel in post conviction proceedings. For the reasons set forth in the above opinions we find the defendant's charge that discretionary appointment of counsel is unconstitutional to be without merit. Furthermore, because the defendant's request does not raise questions of law or issues of fact, which are statutory criteria for appointment of counsel on a 27.26 motion, the trial court's denial of counsel was not error.

Accordingly, judgment is affirmed.

STEWART and REINHARD, JJ., concur.