**STATE of Missouri,**
**Plaintiff-Respondent,**

**v.**

**Kenneth E. TILLEY,**
**Defendant-Appellant.**

**No. 39043.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 11, 1978.
Application to Transfer Denied
Oct. 10, 1978.

William J. Shaw, Public Defender, Daniel L. McCleave, Asst. Public Defender, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Carson W. Ellif, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from a conviction by a jury of attempted robbery in the first degree and armed criminal action. Under the Second Offender Act the court assessed his punishment at ten (10) years imprisonment on the charge of attempted robbery and fifteen (15) years imprisonment on the charge of armed criminal action. The sentences are to run consecutively. Defendant contends that the trial court erred in (1) overruling defendant's motion for judgment of acquittal as to the offense of armed criminal action; (2) submitting Instruction No. 8, the instruction on verdict possibilities; (3) failing to instruct the jury as to the offense of flourishing a dangerous and deadly weapon; and (4) sentencing defendant to consecutive terms for the charges of attempted robbery in the first degree and armed criminal action. Upon review of these allegations, we affirm.

Due to the issues raised, a brief recitation of the facts is necessary. On the early morning of September 17, 1976, the night auditor and a security guard were on duty at the Day's Inn motel in St. Louis County. Defendant entered the empty lobby, walked up to the auditor, pulled a gun from his left side and muttered unintelligibly. Defendant then repeated, "You have got three

seconds", and the auditor opened the cash register. The security guard appeared and defendant fled without the money, stating, ". . . I don't want anything." The guard proceeded to pursue defendant and his companion, who had been waiting outside the motel. The guard caught defendant, who no longer had a gun in his possession. Both the auditor and the guard identified defendant as the person who attempted the robbery.

Armed criminal action as defined in § 559.225, RSMo 1976, includes the commission of any felony under the laws of Missouri ". . . by, with, or through the use, assistance, or aid of a dangerous or deadly weapon . . . ." Defendant contends that the evidence produced by the State was insufficient to support a conviction of armed criminal action in that it was not shown beyond a reasonable doubt that defendant in attempting the robbery used a hand gun or and any weapon that was dangerous and capable of causing injury to another.

In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the State and give the State the benefit of all reasonable inferences. *State v. Wiley*, 522 S.W.2d 281, 292 (Mo. banc 1975). Here the night auditor, who was familiar with weapons, testified that defendant pointed a revolver at him from a distance of three (3) feet. He said, "It was a small caliber, like a .22 or starter pistol. It was a revolver." On cross-examination, in response to the question, "Could it also have been a replica?" he answered, "Possibly." However, on re-direct he said, "It was real and loaded."

Defendant argues that this sequence of testimony by the single witness presented by the State on the issue of defendant's use of a gun is contradictory and that the State thereby failed to make a submissible case of armed criminal action. However, in that the apparent conflict of the auditor's testimony may be reasonably explained when reviewed in its complete context, this was a matter for determination by the jury. *State v. Dodson,* 490

S.W.2d 92, 95 (Mo.1973). If believed by the jury, the positive testimony of the night auditor as to the use of a gun by defendant clearly authorized a finding that the robbery was attempted by the use of a gun. Proof of the use of a gun in the commission of a felony is sufficient evidence upon which to base a conviction of armed criminal action because, "[a] gun in and of itself is considered a dangerous and deadly weapon whether it is, in fact, operative as a firearm or not." *State v. Long,* 532 S.W.2d 814, 820 (Mo.App.1975). See also *State v. Dorsey,* 491 S.W.2d 301, 304 (Mo.1973); *State v. Payne,* 452 S.W.2d 805, 808 (Mo. 1970); *State v. Kowertz,* 324 Mo. 748, 25 S.W.2d 113, 115 (1930); *State v. Baty,* 511 S.W.2d 139, 140 (Mo.App.1974). To require as a condition precedent to a conviction for armed criminal action that the State prove that a gun was loaded and operative would virtually render the statute unenforceable. Defendant's first point is without merit.

Defendant next contends that Instruction No. 8, the instruction on verdict possibilities, was unduly confusing in that it suggested to the jury that if they found defendant guilty of attempted robbery first degree, then they must find him guilty of armed criminal action as well. Defendant also asserts that there was no evidence presented at the trial which was limited specifically to either of the offenses and that language in the instruction suggesting otherwise was misleading to the jury. Instruction No. 8 reads as follows:

The defendant is charged with two separate offenses: Attempted Robbery and, also, Armed Criminal Action in connection with the attempted robbery. Each of these two charges and the evidence and law applicable to them should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to the other offense charged or for any other purpose.

You may find the defendant guilty of both Attempted Robbery and Armed Criminal Action, or guilty of Attempted

Robbery but not guilty of armed criminal action, or not guilty of attempted robbery and armed criminal action.

 Initially, we note that we find nothing in the instruction which suggests that if defendant is found guilty of attempted robbery first degree, the jury *must* find him guilty of armed criminal action. When the offense of armed criminal action is charged, then multiple counts are necessarily involved; one cannot be guilty of armed criminal action without first being found to have committed a felony as defined in § 559.225, RSMo 1976. Where multiple counts are involved, one of the group of instructions numbered from MAI–CR 2.70 to 2.77 inclusive should be read to the jury. MAI–CR 2.70, Notes on Use. At the time of trial there was no applicable MAI instruction as to the verdict possibilities for the crime of armed criminal action. Rule 20.02(d) provides for such a situation: "Where an MAI–CR form must be modified, or where [there] is no applicable MAI–CR form, the modified form or the form not in MAI–CR, if given, shall be simple, brief, impartial and free from argument. It shall not submit detailed evidentiary facts. All instructions, where possible, shall follow the format of MAI–CR instructions, including the skeleton forms therein." Instruction No. 8 was appropriately patterned after MAI–CR approved form 2.74,[1] and complies fully with Rule 20.02(d).

 Furthermore, the instruction cannot be considered as misleading. The information charged defendant with attempted robbery first degree and armed criminal action in two separate counts, the jury was given a separate instruction as to each count, and Instruction No. 8, when read with the other instructions, properly instructed the jury as to the necessary elements of each offense. See *Simms v. State*, 568 S.W.2d 801 (Mo. App. St.L., 1978). The language in Instruction No. 8 to which defendant objects clearly informed the jury that the two charges were separable to the intent outlined. While the portions of the instruction discussing the limiting of evidence may have been surplusage in this case, the language certainly was not confusing. In that Instruction No. 8 was patterned after MAI–CR 2.74, was in full compliance with Rule 20.02(d) and was not misleading to the jury, we reject this point. *State v. Henderson*, 530 S.W.2d 382, 387 (Mo.App.1975).

 Defendant's next ground for reversal cites the failure of the trial court to give an instruction on flourishing a dangerous and deadly weapon. Defendant failed to raise this issue in his motion for a new trial. Therefore, the point is not properly preserved for review and we consider only whether the failure to give this instruction resulted in plain error pursuant to Rule 27.20(c).

 Initially we note that § 546.-070(4), RSMo 1969, requires the court to instruct the jury on "all questions of law arising in the case which are necessary for their information in giving their verdict; . . . ." It is the duty of the trial court in criminal prosecutions to properly instruct on any lesser offense which might be included within the offense charged. *State v. Fleming*, 528 S.W.2d 513, 515 (Mo.App. 1975). Generally, "instructional error is not 'plain error' unless the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice . . . ." *State v. Harley*, 543 S.W.2d 288, 292 (Mo.App.1976), *citing State v. Bridges*, 491 S.W.2d 543, 547 (Mo.1973). The facts and circumstances of each case must be reviewed on a case to case basis to determine plain error. *State v. Sanders*, 541 S.W.2d 530, 533 (Mo. banc 1976); *State v. Johnson*, 559 S.W.2d 756, 758 (Mo.App. 1977).

 Defendant argues that under the test first enumerated in *State v. Amsden*,

---

1. The Notes on Use applicable to MAI–CR 2.74 advise that this instruction should be used only in cases involving the connected offenses of burglary and stealing. In the present case, MAI–CR 2.74 was not given to the jury. Rather, Instruction No. 8 was patterned after MAI–CR 2.74.

**350**

299 S.W.2d 498, 504 (Mo.1957), flourishing is a lesser included offense of the offenses of attempted robbery first degree and armed criminal action. Specifically he asserts, "Comparing Sections 560.120, RSMo, (Robbery First Degree), 559.225, RSMo (Armed Criminal Action), and 556.150, RSMo, (Attempt) with the flourishing statute one finds that all the legal elements which make up the flourishing violation are encompassed in these two [sic] statutes." Defendant concedes in his brief, however, that flourishing is not a lesser included offense of either of these two charges individually, and he cites no authority to support his proposition.

Section 556.230, RSMo 1969 authorizes conviction on a lesser included offense of the offense charged. In view of the singular language employed by the Legislature in § 556.230, RSMo 1969, the cases discussing lesser included offenses, and the recent Missouri Supreme Court decision holding that armed criminal action and first degree robbery are two (2) distinct offenses, *State v. Treadway,* 558 S.W.2d 646, 652 (Mo. banc 1977), we conclude that failure to instruct on the offense of flourishing a dangerous and deadly weapon was not error, and we decline to invoke the plain error rule.

 Defendant finally argues that the trial court, in assessing consecutive sentences, failed to exercise its discretion and acted as though it had no alternative. It is within the discretion of the trial court to determine whether defendant's sentences should run concurrently or consecutively. *State v. Treadway, supra* at 353. However, there is nothing in the record that indicates that the court felt constrained or prohibited by statute from exercising its discretion. To the contrary, the court specified that in imposing sentence it was taking into consideration the fact that the robbery was attempted with a gun and the fact that defendant had prior convictions. In the absence of any showing that the court failed to exercise its discretion there exists *no* error. *Cole v. State,* 553 S.W.2d 877, 882 (Mo.App.1977); *Lawson v. State,* 542 S.W.2d 796, 797 (Mo.App.1976); *Spencer v.*

*State,* 534 S.W.2d 598, 599 (Mo.App.1976). See *State v. Baker,* 524 S.W.2d 122, 129 (Mo. banc 1975).

Judgment affirmed.

STEWART, P. J., and STEPHAN, J., concur.