**STATE of Missouri, Respondent,**

v.

**Gregory BROCCARD, Appellant.**

**No. 40957.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Charles M. Shaw, Clifford Schwartz, James J. Knappenberger, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Peter T. Sadowski, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Criminal assault. Defendant was convicted by a jury of assault with intent to do great bodily harm on Jack Hoock (hereinafter referred to as "husband") and of common assault on Melanie Hoock (hereinafter referred to as "wife"). Defendant was sentenced to three months in the St. Louis Medium Security Institution and ordered to pay a $500.00 fine for the assault against husband. He was ordered to pay a $100.00 fine for the common assault on wife. We affirm.

Defendant questions the sufficiency of the evidence. We review the evidence in a light most favorable to the state. *State v. Guelker*, 548 S.W.2d 521 (Mo.banc 1976), cert. denied, 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977). Weighing of the evidence is outside the province of this court. *State v. Longmeyer*, 566 S.W.2d 496 (Mo. App.1978).

Husband, with wife as his passenger, was driving east on Nottingham when he came to a four-way stop at the intersection of Donovan and Nottingham. After coming to a full stop, husband started forward when another car went through the stop sign going south. Husband blew the horn of his car as the two cars were close to collision. Husband then turned south and proceeded down Donovan. The other car slowed down, allowing husband and wife to pass, and then started to flash its lights. The cars were then about ten to fifteen feet apart. When husband saw the flashing lights he pulled over to the curb to find out what the people in the car behind him wanted. Two males got out of the other

car. The defendant was one of these two men. The defendant and the other man pushed husband down and starting punching him. Wife got out of the car and went to help her husband. She yelled, "Get up. Let him alone. Let him alone." She tried to pull the two men off her husband. The defendant's companion got off husband, pushed wife to the side, throwing her into the gutter, telling her that if she did not stop interfering she would get the same thing that he was doing to her husband. Wife struggled with the man holding her, trying to kick him. She got up out of the gutter and ran to her husband, again trying to pull the men away. She noticed her husband was bleeding. Defendant was holding the front of her husband's hair and throwing his head against the concrete. Defendant then kicked husband in the head and in the the side, and stomped on his forehead. Husband's eyes were swollen shut. As the two men were leaving, defendant hit wife in the head with the back of his hand and caused her to fall to the ground.

Defendant's evidence was substantially different than the evidence presented by the state. However, the evidence of the state was sufficient. The credibility and weight of the testimony are for the jury. The jury may believe all or none of the testimony of a witness, or may accept it in part or reject it in part. *State v. Dodson*, 490 S.W.2d 92 (Mo.1973).

■ Defendant's next point relied on is insufficient to preserve any assignment of error for appellate review under Rule 84.-04(d), to-wit:

"The trial court committed prejudicial error in overruling defendant's objections and request for mistrial, to various remarks of the prosecutor in voir dire (Tr. 6–8), for the reason that said remarks improperly state the prosecutor's function, are improper attempts to commit and predispose the jurors prior to the reception of evidence, and violate the rule that counsel may not argue or state the law to the jury, all in violation of defendant's right to due process of law and a

fair trial under the United States and Missouri Constitution."

The state did not raise any procedural challenge of this point relied on. However, the state contends that we should not review this point raised by the defendant for the reason that defendant's motion for new trial was not specific enough to inform the trial court of the alleged errors. We agree.

In his motion for new trial, the defendant argued the following:

"The court committed prejudicial error when over the Defendant's objection the Circuit Attorney in voir dire examination stated and made improper comments about the law and evidence in the case in order to commit the veniremen to an improper predisposition about certain matters of law."

Defendant has failed to set forth in detail and with particularly the specific grounds or causes which he contends entitled him to a new trial. *State v. Hulsey*, 557 S.W.2d 715 (Mo.App.1977); Rule 27.20(a).

In any event, we have reviewed pages 6–8 of the transcript and find no prejudicial error to defendant. *State v. Hammond*, 578 S.W.2d 288 (Mo.App.1979); *State v. Francis*, 544 S.W.2d 306 (Mo.App.1976); *State v. Van*, 543 S.W.2d 827 (Mo.App.1976).

■ Defendant next complains that the trial court erred in refusing his request for mistrial when the prosecution, on cross-examination of the defendant, asked whether defendant contacted his attorney on the day of the incident. Defendant's motion for new trial is silent regarding this alleged error. Accordingly, this point was not preserved for appellate review. *State v. Peterson*, 518 S.W.2d 1, 3 (Mo.1974); Rule 27.-20(a). In any event, we find no prejudice to defendant by the reference to whether or not he talked to a lawyer.

■ Finally, defendant complains that the court should have declared a mistrial when the prosecutor referred in closing argument "to a document not in evidence to support his contentions." In his closing argument, prosecutor stated that he wanted the jury to think about the opening state-

ment made by defense counsel, specifically the statements which alleged that the evidence would show the car in which defendant was riding almost hit the car which husband was driving. Defense counsel objected and stated, "I never said that." The prosecutor said, "It's right here." Defense counsel objected and moved for a mistrial. The court requested the jury to disregard the comment "I have it here." The court further stated, "The jury is instructed to be guided solely by the evidence and the law." The record is not clear as to whether or not the document referred to was in evidence. The prosecutor stated that the piece of paper was an exhibit in the case. Even if the paper referred to was not in evidence, we find no prejudice to the defendant. *State v. Barron*, 465 S.W.2d 523 (Mo.1971).

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.