STATE of Missouri,
Plaintiff-Respondent,

v.

Billy Gene FLETCHER,
Defendant-Appellant.

No. 11348.

Missouri Court of Appeals,
Southern District,
Division One.

March 28, 1980.

Motion for Rehearing or to Transfer
Denied April 22, 1980.

Application to Transfer Denied
June 10, 1980.

John D. Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Daniel T. Ramsdell, Springfield, who was appointed as counsel for appellant when prior counsel was discharged after appellant's brief was filed, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of burglary in the second degree. § 560.040, RSMo 1969. He was sentenced to five years imprisonment.

Defendant advances five points for our review. Point one contends that the trial court should have granted defendant a new trial because "the verdict of the jury was against the weight of the evidence"; and "was internally inconsistent in finding the defendant guilty of burglary but not of stealing, . . . ." Points two, three and four claim instructional error and point five claims that the State failed to prove that the offense was committed in Missouri.

Defendant was charged with participating in a burglary in Stone County, Missouri. On September 16, 1978, at approximately 3:15 p. m., a station wagon was seen going to and then stopped at a residence near Kimberling City, Missouri. The occupants of the residence had left that morning. The station wagon was gone when the occupants arrived home at approximately 3:45 p. m. While they were gone the house was broken into and several things taken. Shortly thereafter, Stone County, Missouri deputies arrested defendant and two other occupants in the station wagon. Defendant was a passenger in the vehicle. In the vehicle were numerous items taken from the residence. Defendant admits being in the vehicle during the time of the break-in but contends that he did not participate and

was so intoxicated that he did not know it occurred. Another occupant testified that defendant was so drunk he could not comprehend what was going on and did not assist in the burglary. The deputies stated that defendant had been drinking but was not intoxicated at the time of his arrest. He was able to talk and to communicate with them. One said defendant was "not staggering drunk".

Defendant contends under point one that the only evidence against him was circumstantial, consisting of his presence with others in the automobile containing stolen goods. He claims that this evidence is equally consistent with his theory of intoxication and non-participation as it is with him being guilty. Defendant asks us to find that the verdict was against the weight of the evidence. That is not our function. We determine if there is substantial evidence to support a verdict not weigh the evidence. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979). In testing whether the evidence is sufficient, it and all reasonable inferences must be considered in the light most favorable to the State and all evidence and inferences to the contrary disregarded. Id. While circumstances must be such as are inconsistent with defendant's innocence, it is not necessary that they be absolutely conclusive of his guilt, and the evidence need not demonstrate an absolute impossibility of innocence. *State v. Cullen*, 591 S.W.2d 49, 51 (Mo.App.1979). The jury apparently did not believe defendant and his companion regarding the state of defendant's intoxication. The evidence from the Stone County officers was that defendant was not drunk and did understand what was going on when they arrested him shortly after the break-in.

The circumstances in the present case are similar to those in *State v. Cobb*, 444 S.W.2d 408 (Mo. banc 1969). There the defendant was a passenger in an automobile found near the scene of a burglary. The automobile contained property taken from the premises broken into. Defendant claimed the items were taken without his knowledge while he was asleep. The court

held that an inference of guilt is permissible from the possession of property recently stolen in a burglary. It was for the jury to determine the credibility of the defendant's explanation and the jury was entitled to disbelieve it and draw an inference unfavorable to defendant based on the possession. Id. 444 S.W.2d at 414. Here defendant's condition and participation were for the jury to determine. We hold that the evidence was sufficient for the jury to find defendant guilty beyond a reasonable doubt.

■ Defendant also contends that the jury verdict was inconsistent as he was found guilty of burglary but not guilty of stealing. That does not afford him any grounds for relief. When a defendant is charged with committing two criminal offenses that involve different elements, a jury may find him guilty of one crime and acquit him of the other. *State v. Thomas*, 452 S.W.2d 160, 164 (Mo.1970). Second degree burglary and stealing include different elements and where an information charges both burglary and stealing, there may be a conviction of burglary only. Id. Defendant's first point is denied.

■ Points two, three, and four, claiming instructional error, were not raised in defendant's motion for a new trial. His brief filed by counsel, who did not then represent him, urges us to consider these matters under "plain error". Supreme Court Rule 29.12(b). Plain error permits consideration of points not properly preserved when they result in manifest injustice or miscarriage of justice. *State v. Murphy*, 592 S.W.2d 727, 732 (Mo. banc 1979). The rule does not cover all trial error. It should be exercised sparingly and limited to cases where there is "a manifestation and showing that injustice or miscarriage of justice results if the rule is not invoked". Id. Instructional error is not plain error unless the trial court has misdirected or failed to instruct a jury so as to cause manifest injustice. *State v. Tilley*, 569 S.W.2d 346, 349 (Mo.App.1978). The facts and circumstances of each case must be reviewed to determine if there is plain er-

ror. Id. Our examination of the record here convinces us that no manifest injustice or miscarriage of justice resulted from these alleged errors. Points two, three, and four are denied.

■ Defendant's last point claims that there was no evidence that the offense charged occurred in Missouri. We hold that the evidence was sufficient. An occupant of the residence broken into stated that he lived just outside of Kimberling City; that he was living in that residence on the 16th of September 1978; that he had lived there two years at the time of the trial in February 1979; and that the residence in which he lived was situated in Stone County, Missouri. He said that various items were missing from the residence after he returned home on September 16, 1978. A Stone County, Missouri deputy sheriff, residing in Kimberling City, Missouri, stated that he was sent to the residence after receiving a call from the sheriff's department of Stone County, Missouri. Another Stone County, Missouri deputy sheriff was dispatched to investigate "an alleged burglary in Stone County, Missouri" and went to the Kimberling City area. One of the defendant's companions in the station wagon said that when they left Springfield, Missouri, they were going to Branson, "but we wound up in Stone County instead". When asked at the trial (held in Stone County, Missouri) why they went to Stone County and whose idea it was, defendant said he believed it was because one of his companions "had relatives here and he had some stuff he had left down here and he wanted to pick it up, . . . ." During the trial there was no claim or objection that the offense had not occurred in Stone County, Missouri. The evidence established that it did. Point five is denied.

The judgment is affirmed.

All concur.