Ex parte Gary Wayne BRIGGS,
Petitioner,

v.

STATE of Missouri, Respondent.

No. KCD 26985.

Missouri Court of Appeals,
Kansas City District.

April 1, 1974.

Motion for Rehearing and/or Transfer
Denied May 6, 1974.

William G. Mays, II, Acting Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM and SOMERVILLE, JJ.

SOMERVILLE, Judge.

The crucial question in this habeas corpus action is whether petitioner is being unlawfully restrained of his liberty by the Director of the Division of Mental Diseases, State of Missouri, by incarceration in the Fulton State Hospital, Calloway County, Missouri, under an order of commitment issued by the Circuit Court of Clay County, Missouri, on April 14, 1972.

The record in the Circuit Court of Clay County prefacing the order committing petitioner for care and treatment in a state mental hospital until discharged according to law is anemic at best. However, this much is known. On September 14, 1971, petitioner was charged in the Circuit Court of Clay County, with burglary and stealing. On October 8, 1971, after having been appointed counsel, petitioner was arraigned and entered a plea of not guilty to the charged offense. On the same date, appointed counsel orally moved the court to have petitioner examined to determine (1) "if he was competent to stand trial" and (2) "if he had been suffering from a mental disease or defect at the time the offense occurred." The oral motion was sustained and the trial court ordered petitioner committed to the "Director of Division of Mental Diseases for evaluation and treatment by a physician or physicians on the staff of the Division of Mental Diseases" and the Sheriff of Clay County was ordered to transmit petitioner "to the State Hospital at Fulton, Missouri", all obviously done pursuant to subsection 2 of Section 552.020, RSMo 1969, V.A.M.S., as amended Laws 1971.

On or about December 7, 1971, a certified report of a psychiatric examination of petitioner pursuant to Section 552.020, supra, was filed with the Clerk of the Circuit Court of Clay County, Missouri, by C. E. Merrifield, D.O., Assistant Director, Maximum Security Unit, State Hospital, Fulton, Missouri. Under the caption "FINDINGS" therein, the following appears:

"1] That the accused has a mental disease or defect within the meaning of Section 552.010, which existed at the time of the alleged offense.

2] That the accused has the capacity to understand the proceedings against him and can assist in his own defense.

3] That the accused, as a result of mental disease or defect, did not know or appreciate the nature, quality or wrongfulness of his alleged conduct and was incapable of conforming his conduct to the requirements of the law.

4] That the accused requires psychiatric hospitalization pending further proceedings."

Following filing of the above certified report of the psychiatric examination of petitioner, the next record entry in the Circuit Court of Clay County appears under date of March 13, 1972, and reads as follows: "Def. still in Fulton. State answers ready. Def appears by Atty. Cause set for trial on June 5, 1972 at 9 A.M." On April 7, 1972, petitioner's court appointed counsel, absent petitioner's presence, knowledge or consent, obtained permission and filed of record in the Circuit Court of Clay County, Missouri a written "Notice of Intention to Plead Not Guilty By Reason of Insanity." On April 14, 1972, again absent petitioner's presence, knowledge or consent, the prosecuting attorney of Clay County "accepted" the "Notice of Intention to Plead Not Guilty By Reason of Insanity" without, as required by subsection 2 of Section 552.030, RSMo 1969, *any written notice ever having been filed by petitioner or anyone on his behalf that he had no other defenses to the charged offense.* The Circuit Court of Clay County, on the same date, *without ever having made a de-*

*termination and finding of record that petitioner was mentally fit to proceed,* entered of record an Order of Commitment reciting that the petitioner appeared by appointed counsel, the state appeared by the Prosecuting Attorney of Clay County, that the Prosecuting Attorney of Clay County had accepted said plea of innocent by reason of mental disease or defect excluding responsibility, and ordering, adjudging and decreeing that petitioner be acquitted of the pending charge of burglary and stealing by reason of mental disease or defect excluding responsibility and further ordering, adjudging and decreeing that petitioner be committed "to the custody of the Director of the Division of Mental Diseases for custody, care and treatment in a state mental hospital and to be held and treated therein until discharged according to law."

On September 26, 1973, Mr. F. Cullen Cline, Public Defender of Calloway County, Missouri, acting as counsel for petitioner, filed a petition for writ of habeas corpus in this court. The requested writ was issued by this court on October 9, 1973, and respondent filed its return thereto on November 13, 1973.

On November 23, 1973, this court entered an order remanding custody of petitioner to the Director of the Division of Mental Diseases of the State of Missouri pending final adjudication of this case.

Petitioner imputes broad, sweeping infringements of certain basic constitutional rights clothing him, thereby rendering the Order of Commitment issued out of the Circuit Court of Clay County, Missouri, on April 14, 1972, invalid and his present restraint unlawful. The constitutional infringements imputed by petitioner are characterized by him as denial of equal protection and due process (14th Amendment, Constitution of the United States and Article I, Section 10, Constitution of Missouri) and denial of the right to appear and defend in person, confront his accuser and consult with counsel (6th Amendment,

Constitution of the United States and Article I, Section 18(a), Constitution of Missouri). It is unnecessary to reach these constitutional issues in order to properly dispose of this case. Disposition favorable to petitioner is susceptible on more narrow statutory grounds urged by him as hereinafter demonstrated.

When the state initiates criminal charges against an accused, the accused and the state are immediately pitted against each other in the most grave adversary proceeding existent in our system of justice. Problems necessarily inherent in this most grave of adversary proceedings are legion. Nowhere, perhaps, is there encountered an area so fraught with basic procedural problems as those arising where an accused lacks the requisite mental capacity to knowingly and meaningfully understand the import of the charges leveled against him and to viably consult with counsel and assist in his own defense. By dictate of the American conscience, long steeped in hallowed traditions of basic fair play and justice, judicial and statutory safeguards have been created to balance the adversary proceeding where it appears that an accused is suffering from a mental disease or defect. Chapter 552 RSMo 1969, V.A.M.S. represents Missouri's statutory response to this dictate of conscience.

■ Subsection 1 of Section 552.020, RSMo 1969, V.A.M.S., as amended Laws 1971, prescribes that "[n]o person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures". Subsection 7 of Section 552.020, supra, commands that all proceedings against an accused "shall be suspended" if the court "determines that the accused lacks mental fitness to proceed." Subsection 2 of Section 552.020, supra, requires the court, if "reasonable cause" exists to believe that the accused lacks mental fitness to proceed, either on

its own motion, or that of the state, or that of or on behalf of the accused, to order a psychiatric examination of the accused. Subsection 6 of Section 552.020, supra, in plain and simple terms, *requires* the court to hold a hearing and determine accused's mental fitness to proceed if the certified report of the psychiatric examination is contested, but provides that the court *may* hold a hearing and determine an accused's mental fitness to proceed if the certified report of the psychiatrix examination is not contested by either the state or the accused. This statutory discretion possessed by the trial court of whether to hold a hearing and determine the accused's mental fitness to proceed, when the certified report of the psychiatric examination has not been contested, is impressed with a basic constitutional dimension for determining whether the granted statutory discretion has been abused. In Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Supreme Court of the United States held that a fair trial as envisioned by due process of law requires a trial court sua sponte to conduct a hearing and adjudicate the question of whether an accused is mentally fit to proceed, if the existing facts raise a "bona fide doubt" as to an accused's "competence to stand trial." The following expressed findings set forth in the certified report of the psychiatric examination of petitioner, that he *"has* a mental disease and defect within the meaning of Section 552.010, which existed at the time of the alleged offense", that he *"requires psychiatric hospitalization pending further proceedings"*, and that "he has the capacity to understand the proceedings against him and assist in his own defense", are irreconcilable and at war with each other and, standing alone, raised a "bona fide doubt" and cast substantial suspicion upon petitioner's mental fitness to proceed. The trial court's failure to conduct a hearing and determine petitioner's mental fitness to proceed constituted an abuse of the discretion invested by subsection 6 of Section 552.020, supra, thereby so tainting all sub-

sequent proceedings that the Order of Commitment issued out of the Circuit Court of Clay County, Missouri, under date of April 14, 1971, must be declared invalid. Compare McCormick v. State, 463 S.W.2d 789 (Mo.1971), Miller v. State, 498 S.W.2d 79 (Mo.App.1973) and State v. Stein, 504 S.W.2d 1 (Mo. 1974), which, although recognizing the controlability of Pate v. Robinson, supra, held that the facts involved failed to raise a "bona fide doubt" regarding the mental fitness of the respective accuseds to understand the criminal proceeding against them and to assist in their own defense.

Miller v. State, supra, and Jones v. State, 471 S.W.2d 223 (Mo.1971) do not constitute authority to resurrect the Order of Commitment dated April 14, 1972, from invalidity to validity simply because the trial court ordered the criminal charge pending against petitioner set for trial after receipt of the certified copy of the report of the psychiatric examination of petitioner. In both *Miller* and *Jones,* the certified copies of the respective examinations specifically set forth findings that neither accused was suffering from a mental disease or defect within the meaning of Section 552.010, RSMo 1969, V.A.M.S., and that each was mentally fit to proceed and knew and appreciated at the time of the alleged offenses the nature, quality and wrongfulness of their acts and each was capable of conforming his conduct to the requirements of the law.

■ The April 14, 1972, Order of Commitment is invalid for the further reason that subsection 2 of Section 552.030, RSMo 1969, V.A.M.S., as amended Laws 1971, proscribes a prosecuting attorney from accepting a plea of not guilty by reason of mental disease or defect excluding responsibility, or a notice of intent to rely upon such defense, unless the accused "has no other defense and files a written notice to that effect." A trial court's power under subsection 2 of Section 552.030, supra, to order commitment of an accused "as provided in Section 552.040 in cases of

persons acquitted on the ground of mental disease or defect excluding responsibility", predicated upon such a plea or notice of intent to so plead, is dependent upon an acceptance thereof by the prosecuting attorney that is statutorily valid. The acceptance of the notice of intent to plead not guilty by reason of mental disease or defect excluding responsibility filed by petitioner's court appointed counsel in this case was not statutorily valid, since no written notice was ever filed by petitioner that he had no other defense to the charged offense. Noncompliance with the clear and explicit provisions of subsection 2 of Section 552.030, supra, is compounded by the fact that petitioner has contended that he has affirmative defenses, including that of alibi, to the charged offense. The Order of Commitment dated April 14, 1972, is therefore invalid for the further reason that the prosecuting attorney's acceptance of the notice of intent to plead not guilty by reason of mental disease or defect excluding responsibility, filed by petitioner's court appointed counsel, was statutorily invalid, although a statutorily valid acceptance was a prerequisite for the entry of a valid order of commitment by the trial court under subsection 2 of Section 552.-030, supra. See Ex parte Kent, 490 S.W. 2d 649 (Mo. banc 1973).

For reasons heretofore assigned, petitioner is being unlawfully restrained by the Director of the Division of Mental Diseases at the Fulton State Hospital, Fulton, Missouri, and he must be remanded to the custody of the Sheriff of Clay County, Missouri.

Subsequent proceedings in the trial court must comply with those spelled out in Ex parte Kent, supra, l. c. 651, 652 (those deemed applicable are hereinafter fully set forth), wherein the Supreme Court of Missouri laid down procedural guidelines to conform to the following mandate laid down by the Supreme Court of the United States in Jackson v. Indiana, 406 U.S. 715, 738, 92 S.Ct. 1845, 1858, 32 L.Ed.2d 435 (1972): ". . . [A] person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial *cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.* Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, *his continued commitment must be justified by progress toward that goal.* (Emphasis added.)

Those guidelines laid down in Ex parte Kent, supra, 490 S.W.2d l. c. 651, deemed applicable to further proceedings in the trial court on remand of petitioner, are as follows:

"The trial court, upon its own motion, should order a psychiatric examination and should proceed so as to comply with V.A.M.S. § 552.020, and so as to comply with Jackson v. Indiana, supra, to ascertain whether there is a substantial probability that petitioner will attain the capacity to proceed to trial in the foreseeable future.

(2) If it is determined that petitioner is mentally fit to proceed, the criminal proceedings may be resumed.

(3) If petitioner is not mentally fit to proceed, and there is *not* a substantial probability that petitioner will attain such capacity in the foreseeable future, the charges against petitioner should be dismissed 'and if he is then in custody of the director of the division of mental diseases, he shall not be retained in such custody or in any hospital unless proper proceedings have been instituted and held as provided in sections 202.783 to 202.875 RSMo, in which case these sections and no others shall be applicable to his continued retention, hospitalization

and discharge' (V.A.M.S. § 552.020, Subsec. 8).

(4) If petitioner is not mentally fit to proceed but there is a substantial probability that petitioner will be able to stand trial in the foreseeable future, the trial court should enter the necessary order to assure that petitioner's 'continued commitment * * * [is] justified by progress toward that goal.' (Jackson v. Indiana, supra, 406 U.S. 715, 738, 92 S. Ct. 1845, 1858.)"

This court suggests that the procedures outlined in Ex parte Kent, supra, be supplemented in this case as follows:

(1) Upon receipt of a certified report of a current psychiatric examination of petitioner, the trial court, regardless of whether the state, petitioner or counsel for petitioner contest the report, in view of presently known existing facts (See Pate v. Robinson, supra), should hold a hearing at which petitioner should be permitted to attend in person, and make a determination and finding of record as to (a) whether petitioner, as a result of mental disease or defect, lacks the capacity to understand the criminal proceeding against him and to assist in his own defense and (b), if (a) is determined in the affirmative, whether there is a "substantial probability" that petitioner will attain the capacity to understand the criminal proceeding against him and to assist in his own defense "in the foreseeable future" (See Jackson v. Indiana, supra);

(2) If upon such hearing the trial court determines that petitioner has the capacity to understand the criminal proceedings against him and to assist in his own defense, petitioner should appear in person and be allowed to withdraw all previous pleas to the criminal charge pending against him and plead anew thereto, and the criminal proceeding should thereupon continue as provided by law.

Petitioner's writ of habeas corpus is sustained and petitioner is remanded to the custody of the Sheriff of Clay County, Missouri, for further proceedings in that certain criminal cause pending in the Circuit Court of Clay County, Missouri, captioned "State of Missouri v. Gary Wayne Briggs", same bearing case number CR 2611, and such proceedings therein should proceed in a manner not inconsistent with this opinion.

All concur.