**Ronald E. THORNTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31562.**

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Jonathan D. Cope, Sedalia, for appellant.

John Ashcroft, Atty. Gen., Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

PRITCHARD, Presiding Judge.

The dispositive issue is whether there was reversible error in the trial court's failure to make findings of fact and conclusions of law as to appellant's alleged incompetency to stand trial upon a charge of manslaughter for which he was sentenced to 10 years imprisonment. No appeal was taken upon the judgment of conviction.

Appellant's appointed counsel raised the defense of mental disease or defect under § 552.030, RSMo 1969, and appellant was thereafter examined at the State Hospital in Fulton by Doctors Gary Justice and Henry Bratkowski. Both doctors participated in the certified report which was lodged with the trial court prior to trial. In one part of the report Dr. Justice stated that appellant was a schizophrenic (simple type) with borderline mental retardation, and concluded that he was unable to cooperate with counsel. But Dr. Bratkowski, the superior to Dr. Justice, found that appellant had no mental disease or defect within the meaning of § 552.010; that he had the capacity to understand the proceedings against him and could assist in his own defense; that he knew and appreciated the nature, quality and wrongfulness of his alleged conduct and was capable of conforming his conduct to the requirements of the law; and that he did not require further hospitalization pending further proceedings.

The depositions of both doctors were taken and filed with the court on May 5, 1978. Both adhered to their statements concerning appellant as stated in the certified report. On May 8, 1978, appellant's counsel filed a motion to dismiss the charge upon the ground that he was incompetent to stand trial by reason of mental retardation. The court granted opportunity to argue the motion but counsel chose to submit it on written suggestions and the depositions. On May 11, 1978, the court overruled "Defendant's Motion for Order Finding Defendant to be Without Mental Capacity to Stand Trial." A later oral motion was likewise overruled.

In this Rule 27.26 proceedings the court had again before it the certified reports of mental examination, the depositions of the doctors, and testimony of counsel. The court overruled the motion observing the general rule that the court is not required to conduct a competency hearing

sua sponte in the absence of circumstances which render suspect the psychiatric opinion certifying the accused fit to proceed, citing *Witt v. State*, 582 S.W.2d 325 (Mo.App. 1979); *State v. Vansandts*, 540 S.W.2d 192 (Mo.App.1976); and *Cole v. State*, 553 S.W.2d 877 (Mo.App.1977). In all three of these cases there was no indication in the mental examination reports that the defendants lacked the mental capacity to proceed and to assist counsel, so they are of little help.

Appellant relies on *Briggs v. State*, 509 S.W.2d 154 (Mo.App.1974). That case may be distinguished. It was a habeas corpus proceedings challenging petitioner's detention in the State Hospital at Fulton because of deficiencies in the procedure committing him to that institution based upon an acceptance by the state of petitioner's Notice of Intention to Plead Not Guilty by Reason of Insanity. There was no written notice by petitioner or anyone on his behalf that he had no other defenses. The court committed petitioner to the Fulton State Hospital *without* any determination and finding that petitioner was mentally able to proceed (Subs. 6, § 552.020), and this procedural error was the basis for the habeas corpus relief granted for further hearing for a determination that the petitioner had the capacity to understand the criminal proceedings against him, and if so found, he should be allowed to withdraw all previous pleas and plead anew to the charges.

In the *Briggs* case, there *was no trial* (thus there could be no trial error), and this lack distinguishes this case. Here, the court overruled the motion to dismiss upon the ground that appellant was incompetent to stand trial. As said in *Jones v. State*, 471 S.W.2d 223, 227 (Mo.1971), where the trial court entered an order, " 'Medical Report received. Cause removed from Mental Examination Docket and placed on Trial Docket. Cause set for trial on July 8, 1969'," and the court said, "We think that order is tantamount to an order finding that defendant was fit to proceed. * * * The court obviously approved the report and concluded that defendant was fit to proceed or it would not have ordered the case set for trial. The court expressly reaffirmed that finding at the time of deciding the 27.26 motion." Here, the court found upon its ruling of the Rule 27.26 motion, "In view of the evidence in this case as disclosed by the psychiatric report and depositions, there was no 'bona fide doubt of the defendant's competency.' * * *." In *Campbell v. State*, 515 S.W.2d 453, 455[1] (Mo.1974), the court said, "Appellant's challenge to the sufficiency of the medical examination is not a matter that may properly be presented in a proceeding under Rule 27.26. If there was any deficiency in the examination or report of the examining doctors, it was a matter subject to correction at the time, and at most it would constitute a trial error." See also *Tillman v. State*, 570 S.W.2d 844, 846[4, 5] (Mo.App. 1978); and *Sweazea v. State*, 588 S.W.2d 244, 246[8] (Mo.App.1979), holding that a denial of *pro se* request for a psychiatric examination on the day of trial does not afford any basis for 27.26 relief, "as the alleged wrongful denial asserts trial court error—a matter for direct appeal." As a matter of law appellant has asserted no ground for post-conviction relief, and the court did not err in overruling his motion under Rule 27.26.

The judgment is affirmed.

All concur.