IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-355-CR





EX PARTE: KIRK WAYNE McBRIDE,



 APPELLANT







 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR90-029, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 






 This is an appeal from a pretrial habeas corpus order denying relief to the appellant
who urges that his retrial would violate his federal and state constitutional protection against
double jeopardy. U.S. Const. amend. V; Tex. Const. art. I, sec. 14; Tex. Code Crim. Proc.
Ann. art. 1.10 (West 1977). We will affirm the trial court's order denying habeas corpus relief.

 A judgment of conviction against appellant in a former trial of this case was
reversed. McBride v. State, 840 S.W.2d 111 (Tex. App.--Austin 1992, pet. ref'd). Following the
reversal of this judgment, during the retrial and after several witnesses testified, the trial court
granted a mistrial at the request of appellant. When, after the mistrial, the State again sought to
retry appellant, he filed his habeas corpus application. It is from the denial of habeas corpus relief
that he now appeals. It is proper for us to hear this appeal. Ex parte Robinson, 641 S.W.2d 552
(Tex. Crim. App. 1992); Ex parte Moore, 695 S.W.2d 715 (Tex. App.--Austin 1985, no pet.).

 Jeopardy attached for appellant when the jury was impaneled and sworn in the
retrial of his case; Crist v. Bretz, 437 U.S. 28 (1978); Alvarez v. State, 864 S.W.2d 64 (Tex.
Crim. App. 1993); McElwee v. State, 589 S.W.2d 455 (Tex. Crim. App. 1979). The appellant
possessed a valued right to have his guilt or innocence determined by that jury. United States v.
Scott, 437 U.S. 82 (1978); Arizona v. Washington, 434 U.S. 497 (1978); Wade v. Hunter, 336
U.S. 684 (1949); Ex parte Moore, 695 S.W.2d 715 (Tex. App.--Austin 1985, no pet.). An
exception to this rule is made if a defendant consents to a retrial, or if a retrial is mandated by
manifest necessity. Arizona v. Washington, supra, Illinois v. Somerville, 410 U.S. 458 (1973);
Torres v. State, 614 S.W.2d 436 (Tex. Crim. App. 1981, panel op.); Chvoika v. State, 582
S.W.2d 328 (Tex. Crim. App. 1979); Allen v. State, 656 S.W.2d 592 (Tex. App.--Austin 1983,
no pet.).

 In Oregan v. Kennedy, 456 U.S. 667 (1982), Justice Rehnquist clarified earlier
opinions concerned with mistrials granted over objection and explained that in the case of a
mistrial declared at the behest of the defendant, quite different principles come into play. When
the defendant himself has elected to terminate the proceedings against him, the "manifest
necessity" standard has no place in the application of the Double Jeopardy Clause. Id. at 673. 
Circumstances in which a defendant may invoke the bar of double jeopardy in a second effort to
try him are limited to those cases in which the conduct giving rise to the successful motion for a
mistrial was intended to provoke the defendant into moving for a mistrial. Id. at 679.

 Prosecutorial conduct, even if viewed as harassment or overreaching sufficient to
cause a mistrial on motion of a defendant, does not bar retrial unless the prosecutor intended to
provoke and goad the defendant into moving for a mistrial. Id. at 675, 676; Anderson v. State,
635 S.W.2d 722 (Tex. Crim. App. 1982); Fields v. State, 627 S.W.2d 714 (Tex. Crim. App.
1982).

 The parties agreed in oral argument that the application of the double jeopardy
provisions of the federal and state constitutions would in this case be the same. We agree.

 At the habeas corpus hearing, the appellant offered no direct evidence of the
prosecutor's intent to provoke the appellant to request a mistrial in connection with the matters
that occurred during trial which appellant asserts caused him to request the mistrial. See Anderson
v. State, 635 S.W.2d 722 (Tex. Crim. App. 1982).

 Appellant's arguments on appeal under his three points of error rely on the trial
record made before the mistrial was granted. During and after jury voir dire, appellant challenged
the State's peremptory strikes under statutory and Batson grounds. See Tex. Code Crim. Proc.
Ann. art. 35.261 (West 1989), and Batson v. Kentucky, 476 U.S. 79 (1986). Appellant's statutory
and Batson objections were overruled after the prosecutor made a weak attempt to justify his
peremptory strikes against the two jury panel members in question. After the jury was empaneled
and sworn and after the testimony of five state witnesses had been heard, the trial court called a
recess. The prosecutor, during the recess and out of the presence of the jury, offered further
explanation of his strikes of the two panel members. The trial court then asked defense counsel
if he still wished to assert a Batson challenge and request a mistrial. Counsel replied that he was
still urging his Batson challenge, but he was not requesting a mistrial because he thought it was
"probably too late to grant a mistrial at this time."

 Immediately thereafter, the prosecutor offered additional explanation of his
peremptory strikes. Defense counsel then said: "I was conferring with my client, Mr. McBride,
and he has asked me to request a mistrial at this time. Is that correct?" Defendant said: "Yes,
sir." Defense counsel stated: "So he is asking me to request it and, therefore, I request it." The
trial judge said: "All right. A mistrial will be granted at the defense's request."

 This colloquy, which occurred during the recess in the trial, shows that it was the
prosecutor's intent to shore up the record concerning the Batson challenge so that in event of a
conviction the judgment would not be reversed on appeal. The record fails to show that the
prosecutor had the intent to provoke and goad appellant into requesting a mistrial. It would be
difficult to characterize the record as reflecting that the prosecutor was even harassing or
overreaching appellant. The appellant has not shown that he was goaded or provoked into
requesting the mistrial. We hold the retrial of appellant, who requested the mistrial, is not barred
by the federal and state constitutional and statutory provisions upon which he relies.

 The trial court's order denying habeas corpus relief is affirmed.



 

 Carl Dally, Justice

Before Justices Aboussie, Jones and Dally*

Affirmed

Filed: February 2, 1994

Do Not Publish

















* Before Carl Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).