**STATE of Missouri ex rel., Jeremiah W. NIXON, Relator,**

v.

**The Honorable Byron KINDER, Respondent.**

**No. WD 62363.**

Missouri Court of Appeals,
Western District.

Aug. 5, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 2003.

Application for Transfer Sustained
Nov. 25, 2003.

Case Retransferred March 30, 2004.

Court of Appeal Opinion Readopted
April 8, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Jefferson City, for relator.

Emmett D. Queener, Columbia, Tania R. Van Dyk, Kansas City, for respondent.

Before ROBERT G. ULRICH, P.J., PAUL M. SPINDEN and RONALD R. HOLLIGER, JJ.

ROBERT G. ULRICH, Presiding Judge.

Proceedings to determine whether Jessie Moyers is a sexually violent predator and should be civilly committed are pending in Cole County. § 632.492, RSMo. Cum.Supp.2001. Respondent, the Honorable Byron Kinder, Circuit Judge, 19th Judicial Circuit, is conducting the proceedings, styled In re Jessie Moyers, Case Number 02PR323155, 19th Judicial Circuit. The Attorney General, in behalf of the State (Relator), seeks this court's writ of prohibition to prohibit Respondent from proceeding further with a competency examination to determine whether Jessie F. Moyers understands the nature of the proceedings to commit him civilly as a sexually violent predator as provided by sections 632.480 through 632.513, RSMo Cum.Supp. 2001, and whether he can assist counsel in his defense. Relator also seeks this court's writ of mandamus to compel Respondent to proceed with the trial of Mr. Moyers as provided by section 632.492, RSMo Cum.Supp.2001, to determine whether Mr. Moyers is a sexually violent predator and, if he is so determined, to effect his civil commitment. This court's Preliminary Rule in Prohibition was issued February 11, 2003, directing Respondent to refrain from proceeding further in the case until further order of this court.

The State's petition for prohibition and mandamus is granted, and the Preliminary Rule in Prohibition is amended as provided by this opinion and is, hereby, made absolute.

## Facts

Jessie F. Moyers was convicted most recently of Child Molestation, First Degree, and sentenced to five years incarceration. § 566.067, RSMo 2000. He has several convictions for sexual misconduct. Prior to Mr. Moyers' release from custody for completion of the sentence imposed in his most recent conviction, the Attorney General in behalf of the State, filed a petition seeking Mr. Moyers' ultimate civil commitment as a sexually violent predator. §§ 632.480–632.513, RSMo Cum.Supp. 2001. Respondent conducted a probable cause hearing as provided by section 632.489, RSMo 2000, and found that probable cause exists to believe that Mr. Moyers is a sexually violent person within the meaning of section 632.480(5), RSMo Cum. Supp.2001. Respondent ordered that Mr. Moyers be taken into custody for evaluation as to whether he is a sexually violent predator by the Department of Mental Health and examined by a psychiatrist or psychologist as provided by section 632.489.4, RSMo 2000, to determine whether he is a sexually violent predator as defined by section 632.480(5). The evaluation was completed as directed, and a report of examination was filed with the court as provided by law. § 632.489.4, RSMo 2000. Thereafter, Mr. Moyers, through counsel, sought and obtained Respondent's order directing that Dr. Steven Mandracchia, Department of Mental Health, Western Missouri Mental Health, evaluate Mr. Moyers to determine whether he understands the nature of the proceedings against him and whether he is able to assist counsel in his defense of the matter. The order also stayed the proceedings.

Section 632.492, RSMo Cum.Supp.2001, requires that "[w]ithin sixty days after the completion of any examination held pursuant to section 632.489, the court shall conduct a trial to determine whether the person is a sexually violent predator." Respondent has not conducted the trial required by section 632.492, and Relator also seeks this court's writ mandating Respondent to conduct the trial required by the statute.

## Jurisdiction and Standard of Review

This court's jurisdiction in this original writ proceeding is derived from Missouri Constitution, Article V, section 4. Prohibition will lie only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-judicial power. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 857 (Mo. banc 2001). In a proceeding for a writ of prohibition, the actions of the trial judge are presumed proper. *State ex rel. Jackson County Prosecuting Attorney v. Moorhouse*, 70 S.W.3d 552, 554 (Mo.App. W.D.2002). The Relator has the burden to establish that the trial judge abused his discretion and that prohibition is proper. *Id.*

Mandamus will lie only upon an unequivocal showing that a public official failed to perform a ministerial duty imposed by law. *Bergman v. Mills*, 988 S.W.2d 84, 88 (Mo.App. W.D.1999). To be entitled to relief, the applicant must show a clear, unequivocal, specific, and positive right to have performed the act demanded. *Id.*

## Discussion

Relator asserts that Respondent erred in ordering a competency examination and in delaying the trial required by section 632.492 because such evaluation is not a prerequisite to the trial, neither statute nor constitution requiring it, and such evaluation is not contemplated by the statutory scheme for determining whether a person is a sexually violent person requiring confinement and treatment.

Section 632.492 contemplates civil commitment for treatment and not criminal confinement as punishment. The characteristics of the Missouri proceedings are similar to those of the Kansas law addressed in *Kansas v. Hendricks*, 521 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), in which the United States Supreme Court determined that the statutory scheme was civil in nature and not criminal. The Missouri Act, like the Kansas Act, is not included within the criminal code. The Attorney General's petition is filed in Probate Court. § 632.484.1, RSMo 2000. The applicable statutes make provision for treatment. § 632.495, RSMo Cum. Supp.2001. The provision for treatment expresses the legislative intent "that treatment, if possible, is at least an ancillary goal of the Act, which usually satisfies any test for determining that the Act is not punitive." *Hendricks*, 521 U.S. at 368 n. 5, 117 S.Ct. 2072.

Section 552.020.1, RSMo 2000, provides that "[n]o person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." Chapter 552 is captioned "Criminal Proceedings Involving Mental Illness" and is applicable to criminal proceedings. The statutory scheme expressed by sections 632.480 through 632.513 does not state a similar requirement for the civil commitment contemplated by its provisions. Thus, if the provisions of section 552.020.1 requiring that the subject person understand the nature of the proceedings and be able to assist counsel in a defense are required in the civil commitment proceeding expressed by section 632.492, the obligation is invoked either by Supreme Court Rule or due process requirements.

No Supreme Court Rule mandates that a person for whom civil commitment is sought under any statute must be able to understand the nature of the proceedings or be able to assist counsel. The very nature of civil commitments is that they commit for treatment those who pose a danger to themselves or others because they suffer from a mental disease or defect and are unable to comprehend reality or to respond to it rationally. Rule 52.02(k) provides for the appointment of a next friend or guardian ad litem for mentally or physically impaired persons. The rule states:

> Whenever it shall be suggested or affirmatively appear to the court that any person not having a duly appointed guardian is incapable by reason of mental or physical infirmity of instituting suit or of properly caring for the person's own interests in any litigation brought by or against such person, the court shall inquire into the person's mental or physical condition for the purpose of the particular litigation and shall hear and determine such issue. If it is found to be proper for the protection of the person, the court may appoint a next friend or guardian ad litem for said person for the purpose of the particular litigation.

Rule 52.02(m) provides that if a next friend or guardian ad litem is not appointed where appropriate, the proceedings are not invalid if the court finds that the interests of the mentally or physically infirm person were adequately protected. Thus, Rule 52.02 contemplates persons involved in litigation who suffer from mental infirmity are not prevented from initiating litigation and are not immune to civil prosecution by reason of such mental infirmity. The provisions in the Rule allow for the appointment of a legal representative, either a guardian ad litem or a next friend, as the proceeding requires.

■ Respondent's remaining argument that due process requires the subject person to understand the nature of the proceedings against him and to be able to assist his counsel in a civil commitment trial under section 632.492 is also without merit. Relevant case authority, the conferral of a number of rights normally enjoyed in the criminal setting allowed for in the special statutory proceedings of the sexually violent predator act, and the option of invoking Rule 52.02 demonstrate sufficient due process protection in a sexually violent predator determination trial.[1]

According to the United States Supreme Court and the Missouri Supreme Court, the "Due Process Clause of the United States Constitution mandates that a criminal defendant have the right not to be tried while legally incompetent." *State ex rel. Baumruk v. Belt*, 964 S.W.2d 443, 444 (Mo. banc 1998) (quoting *Drope v. Missouri*, 420 U.S. 162, 171–73, 95 S.Ct. 896, 903–05, 43 L.Ed.2d 103 (1975)). Regardless of this long-standing protection for incompetent criminal defendants, no such precedent exists allowing for a similar protection to an incompetent person in an involuntary civil commitment trial under section 632.492 to determine whether such person is a sexually violent predator.

■ Although the Missouri courts and the United States Supreme Court recognize that "[c]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," *In re Care of Coffman*, 92 S.W.3d 245, 252 (Mo.App. E.D.2002)(quoting *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 323, 330–31 (1979)), these decisions have never specifically addressed and extended the due process issue to one's competency to stand trial in a sexually violent predator determination. In *Coffman*, the Eastern District found plain error in the court's failure to instruct the jury on whether emotional or volitional impairment caused 'serious difficulty' in controlling sexually violent behavior. *Id.* at 252–53. The court, in ordering a new trial, reasoned that under a recent Missouri Supreme Court decision, the subject person's right to due process would be violated if the jury were not required by jury instruction to make a lack of control determination. *See Thomas v. State*, 74 S.W.3d 789, 791–92 (Mo. banc 2002). The *Coffman* and *Thomas* decisions correctly implicate a person's fundamental right in making sure the jury's final determination was based on explicit instructions as to the very nature of the civil commitment, whether the person has 'serious difficulty' in controlling his sexually violent behavior. However, these decisions in no way extend these due process rights to the issue of the person's trial competency in a determination of whether he should be committed for treatment as an sexually violent predator. The goal of the legislature in determining the need for, and providing, treatment "satisfies any test for determining that the Act is not punitive." *Hendricks*, 521 U.S. at 368 n. 5, 117 S.Ct. 2072. This is especially evident considering that the sexually violent predator statute specifically requires a mental examination to determine sexually violent predator propensity once probable cause is established, yet nowhere in the sexually violent predator statute is a person's competency contemplated as a prerequisite for a subject person to stand trial for civil commitment as a sexually violent predator. § 632.489.4, RSMo 2000. Civil commitment for sexually violent predator treatment shares no parallel with the

---

1. Rule 52 conveys the distinct implication that one suffering from a mental infirmity will not be denied liberty interests if a guardian or next friend is not appointed by the court when the court believes that the interests of the mentally infirm are adequately protected. Rule 52.02(m).

determination of lack of competency under section 552.020 in criminal trials.

Precedent exists for conducting civil commitment proceedings for a person who is incompetent to stand trial in a criminal proceeding. In *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 1858, 32 L.Ed.2d 435 (1972), the U.S. Supreme Court considered a state's legal inability to retain in custody a person who is incompetent to stand trial for a criminal charge and who is likely to remain incompetent indefinitely—and left civil commitment as an option, despite the person's incompetence. The Court found that if after a determination is made that "there is a substantial probability that he will [not] attain capacity in the foreseeable future ... the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant." *Id.* The Court expressly allowed a state to immediately pursue the civil commitment of one who is, as Mr. Moyers claims to be, not competent to stand trial. The Missouri Supreme Court followed *Jackson,* thus endorsing that same rule. *Baumruk,* 964 S.W.2d at 444; *Ex parte Kent,* 490 S.W.2d 649, 651 (Mo. banc 1973). This option to immediately pursue civil commitment once it is evident that the person will not attain competency in the foreseeable future has been adopted in Missouri in section 552.020.11(6).

Respondent correctly notes that *Jackson* concerns the *customary civil commitment* proceeding, indicating, in Missouri, the general civil commitment statutes from sections 632.300 to 632.475. Although the basis for civil commitment under the sexually violent predator statutes is not the same as that under the general civil commitment statutes, for the purposes of *Jackson, Baumruk,* and *Kent,* the rationale derived from these decisions applies to the sexually violent predator civil commitment statutes as well. These decisions found constitutional the incompetent accused criminal's minor deprivation of liberty when an immediate civil commitment proceeding followed. Subjecting a suspected sexually violent predator to a statutory sexually violent predator determination, regardless of competency, is not an unconstitutional deprivation of liberty. To rule that the Relator must pursue civil commitment under the general civil commitment statutes rather than the sexually violent predator statutes would defeat the purpose of the sexually violent predator determination that a person determined to be a sexually violent predator needs specialized sexually violent predator treatment. To adopt the rationale that Mr. Moyer does not possess the competency to proceed to trial to determine whether he is a violent sexual predator, and if so determined, to subject him to the specific treatment contemplated for the condition by the statute would thwart the proper exercise of legislative authority for the health and welfare of the state's citizens but it would also jeopardize Mr. Moyer's receipt of proper rehabilitating treatment.

Analysis of the statutes relating to sexually violent predator proceedings also supports the finding that a suspected predator is not entitled to a competency examination. The General Assembly conferred numerous rights on suspected sexually violent predators in the special statutory proceeding because "even in civil proceedings for involuntary commitment, the person whose commitment is sought has a 'liberty [interest] protected by the Due Process Clause from arbitrary governmental action'." *In re Salcedo,* 34 S.W.3d 862, 867 (Mo.App. S.D.2001)(quoting *Hendricks,* 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501). Rights enjoyed by a suspected predator satisfying due process include the right to a preliminary determination by the probate judge of whether probable cause exists to believe

the suspected predator is a sexually violent predator (§ 632.489.1); the right to contest an adverse probable cause determination at a hearing (§ 632.489.2); the right to appear in person and be represented by counsel at the hearing (§ 632.489.2 and .3(1)); the right to present evidence and cross-examine adverse witnesses (§ 632.489.3(2) and .3(3)); the right to a jury trial (§ 632.492); the right to require the Attorney General to prove beyond a reasonable doubt that the suspected predator is a sexually violent predator (§ 632.495); and the right to have such a determination made by unanimous verdict (§ 632.495). *Id.* Significantly, the right to be competent for trial at a sexually violent predator proceeding is not included in the sexually violent predator statutes.

Relator's petition for a writ of prohibition and mandamus is granted. The preliminary rule in prohibition is amended as follows and is made absolute as amended: Respondent is prohibited from proceeding further with a competency examination to determine whether Jessie F. Moyers understands the nature of the proceedings to commit him civilly as a sexually violent predator as provided by sections 632.480 through 632.513, RSMo Cum.Supp.2001, and whether he can assist counsel in his defense. Further, Respondent is hereby mandated to proceed with the trial of Jessie F. Moyers as provided by section 632.492, RSMo Cum.Supp.2001, to determine whether Mr. Moyers is a sexually violent predator within the meaning of the applicable statutes, and, if he is so determined, to effect his civil commitment as provided by appropriate law.

SPINDEN and HOLLIGER, JJ. concur.