**STATE of Missouri, Respondent,**

v.

**Michael J. GARBE, Appellant.**

**No. WD 38719.**

Missouri Court of Appeals,
Western District.

Sept. 22, 1987.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 27, 1987.

Application to Transfer Denied
Dec. 15, 1987.

---

Melinda Kay Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and PRITCHARD and LOWENSTEIN, JJ.

KENNEDY, Chief Judge.

Defendant was convicted upon jury trial of first-degree assault, Sec. 565.050, RSMo Supp.1987; first degree burglary, Sec. 569.-160, RSMo 1979; and armed criminal action, Sec. 571.015, RSMo 1979. He was sentenced by the court to consecutive terms of ten, five and three years respectively. He appeals, alleging two instances of error.

The facts are as follows:

Karen Calkins testified that in April of 1985, appellant, who was then 16 years of age, had stolen a radio, a gun and the numbers from a credit card while he was baby-sitting her children. Appellant used the credit card numbers to charge approximately $150 in telephone calls to sex parlors. Appellant returned the stolen items and agreed to make restitution for the phone calls. Appellant informed his mother about the stolen items but failed to tell her about the telephone calls despite Calkins' encouraging him to do so.

On the afternoon of June 3, 1985, Calkins again insisted that appellant tell his mother about the telephone calls, and told him that she would do so if he did not. In the early morning of June 4, 1985, appellant dressed in army clothes, painted his face black and broke into the Calkins' residence. Calkins awoke, saw appellant standing over her bed with a knife and began to scream. Appellant stabbed Calkins approximately six times and then wrestled with August Braum, Calkins' brother, and stabbed him approximately thirteen times. Appellant ran out the front door and later was arrested. Calkins and Braum suffered serious wounds, were hospitalized and later underwent plastic surgery. Both were left with visible scars.

Appellant was charged by juvenile court petition with committing the above offenses. Upon the juvenile officer's motion and after an evidentiary hearing, Sec. 211.-071.1, RSMo Supp.1987, the juvenile court found that appellant was not a proper subject to be dealt with by juvenile court, dismissed the petition and ordered prosecution of appellant under general law. Sec. 211.071.4, RSMo Supp.1987. After appellant had been charged and while the prosecution was pending in circuit court, appellant filed motion to dismiss the indictment and to remand to juvenile court. This motion was denied by the trial court.

The appellant says that the juvenile court abused its discretion in relinquishing jurisdiction of appellant and permitting prosecution under the general law, Sec. 211.071, RSMo Supp.1987.

The juvenile court placed the order relinquishing jurisdiction upon two grounds—the seriousness of the offense and the unavailability of juvenile facilities adequate for dealing with the needs presented by the case. The court noted that the offense occurred within four months of appellant's reaching the age of 17 which is the age limit for juvenile jurisdiction; that appellant was a large (195 pounds), strong youngster; and that if juvenile jurisdiction were retained, that jurisdiction would terminate when appellant was 18 years of age (apparently referring to Sec. 219.021.1, RSMo 1983).

Appellant claims the court overemphasized the foregoing factors and failed to consider other factors which the court was required by statute to consider. He refers to Sec. 211.071.6, RSMo Supp.1987, which is copied into the margin.[1]

It was not necessary, of course, or desirable, for the court to give equal weight to each of the eight factors listed by the statute. It was not necessary for him to make an express finding on each one. With respect to findings, the statute requires only that the court make "[f]indings showing the reasons underlying the court's decision to transfer jurisdiction", Sec. 211.071.7(4), RSMo Supp.1987. The dominant feature in the case was the offense itself, which had the element of "seriousness", Sec. 211.071.6(1), RSMo Supp.1987; "involved viciousness, force and violence", id. at (2); and was an offense "against persons", with personal injury resulting, id. at (3).

The court also noted, in addition to the nature of the offense, the unavailability of suitable "program[s] and facilities available to the juvenile court", id. at (7); and the inability of appellant to "benefit from the treatment or rehabilitative programs available to the juvenile court", id. at (8).

There was indeed evidence which taken by itself would have pointed to retention of jurisdiction by the juvenile court rather than relinquishment of jurisdiction. There were a number of witnesses who testified to appellant's being a normal 16–year-old, dependable, well-balanced, industrious and trustworthy, whose bizarre behavior in the

crime and the events leading up to it could not have been foreseen. The parents who were divorced from each other, professed a devotion to the appellant and to his welfare and testified to a willingness to provide private psychiatric care. It was up to the juvenile court to weigh all the evidence, both that which tended to support relinquishment of jurisdiction and that which tended to support retention of jurisdiction. We are unable to say that there was any abuse of the discretion vested in him in deciding to relinquish juvenile court jurisdiction and to permit the child to be prosecuted under the general law. *State v. Tate*, 637 S.W.2d 67, 70 (Mo.App.1982); *State v. Owens*, 582 S.W.2d 366, 374 (Mo.App.1979).

■ Appellant's other point of error is that the trial court abused its discretion in sentencing appellant to consecutive sentences because the jury was not informed of the trial court's right to order consecutive rather than concurrent sentences, and further, the obvious intent of the jury was to be lenient with appellant.

Appellant concedes that a trial court has discretion to determine if sentences should run concurrently or consecutively. *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), *cert. denied* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978); *Johnson v. State*, 607 S.W.2d 808 (Mo.App.1980). Appellant also recognizes that this right is conferred upon the trial court by both Sec. 558.026.1, RSMo Supp.1987, and Mo.Sup.Ct. R. 29.09,

---

1. Section 211.071.6 reads as follows:

A written report shall be prepared in accordance with this chapter developing fully all available information relevant to the criteria which shall be considered by the court in determining whether the child is a proper subject to be dealt with under the provisions of this chapter and whether there are reasonable prospects of rehabilitation within the juvenile justice system. These criteria shall include but not be limited to:

(1) The seriousness of the offense alleged and whether the protection of the community requires transfer to the court of general jurisdiction;

(2) Whether the offense alleged involved viciousness, force and violence;

(3) Whether the offense alleged was against persons or property with greater weight being

given to the offense against persons, especially if personal injury resulted;

(4) Whether the offense alleged is a part of a repetitive pattern of offenses which indicates that the child may be beyond rehabilitation under the juvenile code;

(5) The record and history of the child, including experience with a juvenile justice system, other courts, supervision, commitments to juvenile institutions and other placements;

(6) The sophistication and maturity of the child as determined by consideration of his home and environmental situation, emotional condition and pattern of living;

(7) The program and facilities available to the juvenile court in considering disposition; and

(8) Whether or not the chid can benefit from the treatment or rehabilitative programs available to the juvenile court.

1980. Furthermore, appellant provides no authority for his argument that it was error for the trial court to not inform the jury of the court's right to order consecutive sentences. The point is denied.

Judgment affirmed.

All concur.

