**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Kevin Lamont STRAW,
Defendant–Appellant.**

No. 52141.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 8, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 14, 1988.

William J. Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Appellant was convicted of attempted robbery, first degree, burglary, first degree, and armed criminal action based on the burglary charge. He appeals only the armed criminal action count on the grounds that there was insufficient evidence to show that he committed burglary through the aid or use of a deadly weapon. We affirm.

The victim, Joan Benson, testified that on the evening of June 27, 1985, she was watching television in the front of her home. Her elderly mother, the only other person present, was in the back of the home. The doorbell rang and, recognizing the caller as a neighbor boy who did chores for her mother, Ms. Benson opened the door. Appellant, the neighbor, informed Ms. Benson that the electricity was out at his home; as she turned to view that structure, appellant produced a pistol. Appellant told Ms. Benson to come outside; instead, she stepped back into the house and attempted to shut and lock the door. At this time, appellant physically forced his way into the home. He again pointed the gun at Ms. Benson and demanded she go outside. When she refused, he asked for her money; Ms. Benson again failed to comply. At this time, appellant said, "See, it's just a joke." He showed her the gun's empty chamber and said, "See, there's no bullets." Appellant then left.

Ms. Benson related the entire account above. Appellant and members of his family testified he had been at his own home all evening and was not the person who accosted Ms. Benson.

The jury convicted appellant on all three counts. He received a five year sentence for burglary to run consecutively with a three year sentence for armed criminal action. This eight year term runs concurrently with a five year attempted robbery sentence. Appellant's sole point on appeal is that there was insufficient evidence to find that he had committed the felony of burglary with the aid or use of a deadly weapon, an essential element of armed criminal action. Because the gun was not loaded, appellant alleges it was not a dangerous or deadly weapon. Thus, he argues, the armed criminal action count should be reversed.

The crime of armed criminal action consists of the commission of a felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." § 571.015(1), RSMo. 1986. Appellant acknowledges prior decisions consistently holding the state has no burden of proving that a gun used in the commission of a felony was loaded and operable in order to sustain a conviction of armed criminal action. *See e.g., State v. Pettit,* 719 S.W.2d 474, 476 (Mo.App.1986); *State v. Chunn,* 641 S.W.2d 829, 830 (Mo.App.1982); *State v. Tilley,* 569 S.W.2d 346, 348 (Mo.App. 1978). However, he argues that this rule

has no application to the instant case where the state positively proved the gun was not loaded. He reaches this conclusion by asserting that the rationale underlying the rule, as stated in *State v. Tilley, supra,* is "[t]o require as a condition precedent to a conviction for armed criminal action that the state prove that a gun was loaded and operative would virtually render the statute unenforceable." Therefore, his argument continues, because the rule is designed to prevent these practical problems of proof, where the state's evidence affirmatively establishes that the gun was unloaded, the rule has no application. We disagree.

 The language of the pertinent statutes clearly refutes appellant's arguments. The offense of armed criminal action involves the commission of a felony "by, with or through the use, assistance or aid of a dangerous instrument or deadly weapon." § 571.015.1, RSMo. 1986. A deadly weapon is "any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged." § 556.061, RSMo. 1986. These statutes were enacted simultaneously by the legislature as part of the "criminal code" (L.1977, S.B. No. 60, Eff. January 1, 1979), and must be construed in pari materia. Appellant argues that the phrase "readily capable of producing death or serious physical injury" must be read as modifying the word "firearm." This argument overlooks the disjunctive "or" distinguishing between a firearm, a weapon which expels a projectile by the action of a explosive, § 571.010(5) and a projectile weapon, a weapon, not a firearm, which is capable of expelling a projectile. § 571.010(12). Thus, by statutory definition, an unloaded firearm is a deadly weapon while an arrowless bow, an empty pellet gun or a stoneless slingshot which are not readily capable of discharging and causing death or serious physical injury are not deadly weapons. Had the legislature wanted to except from the armed criminal action statute the use of an unloaded firearm, an express exclusion similar to that used in the unlawful use of weapons statute, § 571.030.3 regarding unloaded weapons

when ammunition is not readily available, could easily have been adopted. On the basis of the clear, unequivocal language of the statutes, we must conclude that the evidence the gun used by appellant in the commission of the burglary was unloaded is not destructive of the submissibility of the state's case.

Judgment affirmed.

SATZ, C.J., and SIMEONE, Senior J., concur.