**Robert E. DORSEY, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 54683.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1988.

Application to Transfer Denied Jan. 17, 1989.

Michael C. Todt, St. Louis, for movant.

William L. Webster, Atty. Gen., John Munson Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Robert E. Dorsey, appeals from the motion court's denial, without a hearing, of his Rule 27.26 motion.[1] Movant had previously pleaded guilty to one count of robbery in the first degree, one count of armed criminal action, and one count of leaving the scene of an accident. The trial court sentenced movant to imprisonment for ten years for robbery in the first degree, ten years for armed criminal action, and eight years for leaving the scene of an accident. The trial court sentenced movant to serve the two ten year sentences *concurrently* with a twenty year sentence he is presently serving and sentenced movant to serve the eight year sentence *consecutive* to the twenty year term. Movant then brought this Rule 27.26 motion alleging that the trial court erred in sentencing movant to serve his term for the third count consecutive to his terms for the first two counts and the term he is presently serving. We affirm.

Section 558.026.1, RSMo (1986) states:

"multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively...."

Missouri courts have universally held Section 558.026 places the discretion whether to impose concurrent or consecutive sentences in the trial court. *State v. Garbe*, 740 S.W.2d 266, 268 (Mo.App.1987). The trial court in this case specified that the eight-year sentence would run consecutively to the two ten-year sentences. The trial court acted within its discretion.

The judgment and sentence of the trial court are not clearly erroneous. Rule 27.26(j). We affirm.

REINHARD and CRIST, JJ., concur.

---

1. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced pri- or to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See*, Rule 24.035, effective January 1, 1988.