**STATE of Missouri, Plaintiff–Respondent,**

v.

**Doug PRYOR, Defendant–Appellant.**

**No. 15612.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 30, 1989.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was convicted of first-degree robbery and armed criminal action. He was sentenced to ten years' imprisonment for robbery and three years for armed criminal action, the sentences to run consecutively. Defendant appeals, presenting two points relied on.

For his first point defendant contends that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove that the gun he was using was one "from which a shot, readily capable of causing death or serious physical injury may be discharged." In the counts setting forth both charges, defendant was said to have used a "deadly weapon". In Missouri's Criminal Code, "deadly weapon" is defined in § 556.061(10), RSMo 1986, as follows:

> " **"Deadly weapon"** means any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles."

■ Defendant contends that under this definition to be a deadly weapon it must be one from which a shot, readily capable of producing death or serious physical injury may be discharged. That contention is incorrect. The clause on which defendant

relies does not refer to "any firearm, loaded or unloaded," but to "any [other] weapon". The "or" between "firearm" and "any weapon" clarifies that "deadly weapon" was meant to include any weapon besides a firearm, loaded or unloaded, "from which a shot, readily capable of producing death or serious physical injury may be discharged" and that the requirement of the "shot" being capable of being discharged does not apply to a firearm. The Eastern District of this court has so ruled in a similar case and we agree with that opinion. See *State v. Straw*, 742 S.W.2d 579, 581 (Mo.App.1987). Defendant's first point is denied.

For his second point, defendant contends that "the trial court erred in failing to instruct the jury that any sentence imposed for armed criminal action had to run consecutively to the sentence imposed on robbery first degree." Defendant has misinterpreted the statement in § 571.015.1, RSMo 1986, stating that the punishment for armed criminal action "shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon."

That language does not require that a sentence imposed for armed criminal action be consecutive to a sentence for the felony conviction upon which the armed criminal charge is based; the trial court can sentence a defendant consecutively or concurrently as it sees fit. *State v. Freeman*, 702 S.W.2d 869, 874 (Mo.App.1985). See also *State v. Archer*, 406 S.W.2d 563, 566 (Mo.1966); *State v. Garbe*, 740 S.W.2d 266, 268 (Mo.App.1987); Rule 29.09; § 558.026, RSMo 1986.

It would have been improper to have instructed the jury as defendant contends because such an instruction would not have followed the law. This point is denied.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.